Thomas R. LESKE, Plaintiff-Appellant,

v.

John A. LESKE, Jean M. Leske, and Arctic Ice Co., Inc.,
Defendants-Respondents.

Court of Appeals

*No. 93–2838. Submitted on briefs November 8, 1994.—Decided
September 28, 1995.*

(Also reported in 539 N.W.2d 719.)

For the plaintiff-appellant the cause was submitted on the brief of *Joseph J. Beisenstein* and *Robert N. Duimstra* of *Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd.* of Appleton.

For the defendants-respondents the cause was submitted on the brief of *Edwin J. Hughes* of *Stafford, Rosenbaum, Rieser & Hansen* of Madison.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

GARTZKE, P.J.    Thomas R. Leske appeals from an order dismissing his complaint against John A. Leske, Jean M. Leske and Arctic Ice Co., Inc. The issue is whether the circuit court properly granted summary judgment on Thomas's claims of misappropriation of trade secrets and conversion. We affirm in part, reverse in part, and remand for further proceedings.

■

Summary judgment methodology is well established in cases such as *Grams v. Boss*, 97 Wis. 2d 332, 338-39, 294 N.W.2d 473, 476-77 (1980), and need not be repeated. We apply the same methodology de novo. *In re Cherokee Park Plat*, 113 Wis. 2d 112, 115-16, 334 N.W.2d 580, 582 (Ct. App. 1983).

95

Thomas's first claim is that defendants John and Jean, his parents, misappropriated his trade secrets in violation of § 134.90, STATS. Thomas alleged that in early 1987 he "compiled and formulated a program designed to establish a business to manufacture, distribute, and sell ice for commercial use in Dane County and the surrounding area." He attempted to obtain financing for the business. At the suggestion of a bank, he revealed "his basic concept" to the defendants, who advised him that they were willing to help obtain financing. During further negotiations with the defendants and banks, Thomas disclosed and explained to the defendants "the details of his formula, patterns, programs, devices, methods and techniques in which to cause [sic] the proposed business to be highly profitable."

The complaint alleged that the defendants subsequently "manipulated the financing arrangements through their superior economic status in such a manner that it would be the defendants . . ., and not the plaintiff who would be the substantial owners of the proposed business." The defendants persuaded the banks to make loans directly to them. They opened the business in February 1988, and it is now incorporated as Arctic Ice Co., Inc. Thomas alleged that his "trade secrets . . . were acquired through deception in continually misleading the plaintiff into believing that the defendants' only interest would be to facilitate him [sic] in obtaining necessary financing." We conclude this states a claim for violation of § 134.90, STATS. The answer denies the claim. We turn to the affidavits submitted in support of the defendants' motion for summary judgment.

The defendants argue that it was not necessary for their summary judgment motion to specifically negate the plaintiff's claims. In essence, they argue that rather than considering the sufficiency of their motion, we should immediately review the plaintiff's material to determine whether he produced evidence in support of his claims.

The defendants misinterpret *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), as we applied that decision in *Transportation Ins. Co. v. Hunzinger Constr. Co.*, 179 Wis. 2d 281, 291-92, 507 N.W.2d 136, 140 (Ct. App. 1993).[1] Those decisions are not to the effect that a defendant moving for summary judgment may simply move for that relief and assert that the plaintiff lacks evidence to support its claim. Rather, as explained in *Celotex* and the Wisconsin decisions, the party moving for summary judgment must

> explain the basis for its motion and identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that it believes demonstrate the absence of a genuine issue of material fact; the moving party need not support its motion with affidavits that specifically negate the opponent's claim.

*Transportation Ins. Co.*, 179 Wis. 2d at 292, 507 N.W.2d at 140, *citing Celotex*, 477 U.S. at 323.

A statement that the plaintiff lacks evidence is insufficient. The burden is on the moving party to

---

[1] *Transportation* was also cited in *Kenefick v. Hitchcock*, 187 Wis. 2d 218, 227-28, 522 N.W.2d 261, 264-65 (Ct. App. 1994), and *Kaufman v. State Street Limited Partnership*, 187 Wis. 2d 54, 58-59, 522 N.W.2d 249, 251 (Ct. App. 1994).

demonstrate a basis *in the record* that this is so. In this case, the defendants' motion did not demonstrate that the plaintiff lacked evidence. Their motion is to be contrasted with that of the defendants in *Celotex*, where the motion included plaintiff's answers to interrogatories in which the plaintiff was unable to identify any witness who could testify in her favor on a fact crucial to her claim. *Celotex*, 477 U.S. at 320. Here, defendants submitted no such material. Therefore we next review the defendants' affidavits to see if they state a prima facie defense. *See Grams*, 97 Wis. 2d at 338, 294 N.W.2d at 476-77.

The defendants argue, and the circuit court concluded, that there were no "trade secrets" involved in this case. A trade secret is information, including a compilation, program, method, technique or process that (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (2) is the subject of efforts to maintain its secrecy that are reasonable under the circumstances. Section 134.90(1)(c), STATS.

In support of their motion for summary judgment, defendants submit a portion of Thomas's deposition in which he did not identify any trade secrets at issue other than "the information that's contained on Exhibits 1 and 4 and the information contained in the disk that we've talked about." The disk Thomas referred to was a computer disk.

■

The defendants must demonstrate that the claimed trade secrets do not meet the definition of trade secret. The defendants submitted copies of Exhibits 2 and 4 from Thomas's deposition, but not

Exhibit 1. They provided no further information about the computer disk or its contents.[2] Because defendants failed to submit Exhibit 1 and the computer disk with the affidavits, they have not made a prima facie showing that these items are not trade secrets. Summary judgment should not have been granted on this basis.

■

The defendants argue that summary judgment could have been granted on the ground that Thomas did not take reasonable steps to maintain the secrecy of what he alleges were trade secrets. To prevail on this argument, the defendants' affidavits would have to identify the measures Thomas took to maintain secrecy. The defendants do not cite to such material in their affidavits, and we have found none. The defendants mistakenly assert that it is Thomas's burden to establish that he took reasonable precautions. While this would be true at trial, on summary judgment the moving defendants must establish that Thomas did *not* take reasonable steps.[3] Summary judgment should

---

[2] The disk was apparently the subject of a discovery dispute, but at the time they filed summary judgment affidavits, the defendants had not moved to compel production of the disk or its contents, although they had ample time to do so. At Thomas's deposition in December 1990, defense counsel requested a printout of the information on the disk. The defendants' summary judgment affidavits were filed in September and November 1991. The defendants moved to compel production of the disk printout in December 1991, after the conclusion of briefing on the summary judgment motion. The record does not show that the motion was ruled upon.

[3] For the same reason, we reject the defendants' argument that summary judgment was also appropriate because of Thomas's "failure of proof" on the claim that the defendants misappropriated those things he alleged to be trade secrets.

have been denied as to Thomas's claim that the defendants violated § 134.90, STATS.

The circuit court also dismissed Thomas's second claim, in which he realleged the facts relevant to the first claim, and further alleged that "the business plan of the plaintiff constituted personal property which was wrongfully taken from him and converted by the defendants for their own use, profit, and benefit."

■

The parties agree that the relevant elements for this claim are (1) time, labor and money expended in the creation of the thing misappropriated; (2) competition; and (3) commercial damage to the plaintiff. *Gary Van Zeeland Talent, Inc. v. Sandas*, 84 Wis. 2d 202, 220, 267 N.W.2d 242, 251 (1978). In that case, the plaintiff, a booking agent, alleged that the defendant, a former employee, had misappropriated a list of its customers. The court concluded that the misappropriation doctrine was not applicable in part because the list was

> far removed from the status of an end product. In the instant case, the list of customers, . . . constituted only a feeble step in a competitive war against the original compiler of the list. Once the defendant Sandas secured the list, he was still obliged to solicit the customers and to match their tastes with the bands he could produce. He was obliged to produce the talent which could be placed in the clubs at the appropriate time.

*Id.* at 223, 267 N.W.2d at 252.

■

In the present case, the circuit court dismissed this claim because "even if the defendants did obtain information which the plaintiff had gathered, they still had to finance and develop their ice business, purchase

100

equipment and facilities, and find customers. The information is far removed from the actual operation of the ice business, the end product. The effect is indirect." We agree with the circuit court's analysis. Thomas's complaint does not state a claim for misappropriation because the defendants' alleged acts "constituted only a feeble step in a competitive war."

We conclude that the circuit court erroneously granted summary judgment as to Thomas's first claim, but properly dismissed his second claim.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded for further proceedings.