**LENHARDT TOOL & DIE COMPANY, INC., Appellant (Defendant Below),**

v.

**Duane LUMPE, Appellee (Plaintiff Below).**

**No. 49A05–9706–CV–216.**

Supreme Court of Indiana.

Jan. 31, 2000.

Donald M. Snemis, Indianapolis, Indiana, Attorney for Appellant.

William L. O'Connor, Eric D. Johnson, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice, dissenting from the denial of transfer.

I believe we should grant transfer to clarify the standard for summary judgment in Indiana under Trial Rule 56.

On August 22, 1992, an explosion occurred at the Olin Brass factory in Indianapolis injuring Duane Lumpe, who worked for Olin as a "melter." Olin manufactures brass bars using molds made by Lenhardt, among other firms. Lumpe sued Lenhardt and Lenhardt filed a motion for summary judgment, contending that, after adequate discovery, it was uncontroverted that Lumpe could prove neither that Lenhardt manufactured the mold in question nor that the mold was defective. The trial court first granted Lenhardt's motion, then reversed itself and denied summary judgment in an order that was certified for interlocutory appeal. The Court of Appeals affirmed the trial court, holding that summary judgment was improper because Lenhardt had not established that the mold was not from Lenhardt.

I believe this holding reflects a widespread misunderstanding of how the summary judgment standard is to work under Trial Rule 56. Specifically, I believe that this Court's ruling in *Jarboe v. Landmark Community Newspapers, Inc.*, 644 N.E.2d 118 (Ind.1994), has been understood by some, including the Court of Appeals in this case, to require Lenhardt to establish a negative proposition, i.e., that the mold did not come from Lenhardt. In my view, this is an incorrect reading of Trial Rule 56, and of *Jarboe*, and leads to unnecessary expense to litigants and unwarranted demands on judicial resources. Rather than require that Lenhardt prove that the mold came from someone else, I believe it was sufficient for summary judgment that Lenhardt establish (i.e., show that there is no genuine issue of material fact bearing on the issue) that Lumpe could not carry his burden of proof at trial that the mold was from Lenhardt.

## I. *Jarboe* and *Celotex*

In *Jarboe*, this Court held that Indiana summary judgment law requires the movant to establish the "absence of any genuine issue of fact as to a determinative issue." *Jarboe v. Landmark Community Newspapers, Inc.*, 644 N.E.2d 118, 123 (Ind.1994). This requirement was explicitly stated to be different from the federal standard as enunciated in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *See Jarboe*, 644 N.E.2d at 123.

*Jarboe* was this Court's response to a concern that the *Celotex* federal summary judgment standard had been broadly interpreted by some courts as shifting the burden of production on summary judgment to the party having the burden of proof at trial. *Jarboe* rejected that view under Indiana Trial Rule 56. *See id.* ("Merely alleging that the [non-movant] has failed to produce evidence on each element of [the claim or defense] is insufficient to entitle the [movant] to summary judgment under Indiana law."). It is now clear that the better-reasoned opinions under Federal Rule of Civil Procedure 56 also reject this interpretation. *See, e.g., Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978–79 (7th Cir.1996) (explaining some misapplications of the *Celotex* standard to shift the burden in summary judgment proceedings to the non-movant). Indeed, Justice White, who provided the essential fifth vote for the *Celotex* majority, was careful to avoid such a broad reading: "[T]he movant must discharge the burden the Rules place upon him: It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case." *Celotex*, 477 U.S. at 328, 106 S.Ct. 2548, 91 L.Ed.2d 265 (White, J., concurring).[1]

---

1. Stated another way, "The *Celotex* Court decided only that where the movant demonstrates that the nonmovant will be unable to produce any evidence at trial supporting an

To be sure, many cases under Federal Rule 56 and its state counterparts cite *Celotex* and then leap to a discussion of the non-movant's failure to carry a burden it will have at trial without first dealing with the movant's initial obligation—sometimes called a burden of production—under Rule 56.[2] *See, e.g., Baulos v. Roadway Express, Inc.,* 139 F.3d 1147, 1150–51 (7th Cir.1998); *Phillips v. Marist Soc'y,* 80 F.3d 274, 275–76 (8th Cir.1996); *Short v. Little Rock Dodge, Inc.,* 297 Ark. 104, 759 S.W.2d 553, 554 (1988) (placing burden of proof on non-movant); *Garzee v. Barkley,* 121 Idaho 771, 828 P.2d 334, 337 (1992) (summary judgment is proper if the plaintiff cannot offer proof of a material element of the claim); *Tucher v. Brothers Auto Salvage Yard, Inc.,* 564 N.E.2d 560, 562 (Ind.Ct.App.1991) (reciting the correct standard, but addressing only the non-movant's burden); *Poplaski v. Lamphere,* 152 Vt. 251, 565 A.2d 1326, 1329 (1989). Many of these cases are correctly decided on their facts, but do not explicitly articulate each step in reaching the ultimate conclusion.[3] This occurs where, as is often the case, the undisputed facts establish as a matter of law either the case for the movant or the case for the non-movant. Not all cases fall into this either/or category. Where the facts are not in dispute as to an element of a claim or defense, there may be at least three potential circumstances: (1) the undisputed facts support the movant's claim; (2) the undisputed facts support the non-movant's claim; or (3) the undisputed facts establish that we cannot determine whose version is correct.

The issue presented here, and in *Celotex,* is the requirement for summary judgment to be rendered against the party who has the burden of proof at trial in the third circumstance. Under a correct reading of *Celotex,* the non-moving party is required to point to evidence supporting its claim or defense only after the moving party has either (1) established the non-movant's inability to prevail as a matter of law or (2) offered evidence that supports the movant's argument that the non-movant cannot carry its burden of proof at trial. *See* 11 James Wm. Moore & Jeffrey W. Stempel, *Moore' s Federal Practice* § 56.13[1] (3d ed.1999); 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2727 (3d ed.1998).

Although under Indiana Trial Rule 56 *Jarboe* clearly rejected the view that a party seeking summary judgment could simply point to the opponent's burden of proof at trial and prevail unless the non-movant produced evidence supporting its claim or defense, *Jarboe* did not disable summary judgment as a tool to resolve matters as to which there is no genuine issue of material fact. Rather, as explained below, in my view under Indiana Trial Rule 56, as under federal practice, it is sufficient for summary judgment to establish on undisputed facts either that: (1) the non-movant will be unsuccessful as a matter of law or (2) the non-movant will be

essential element of a claim for which the nonmovant bears the burden of proof, summary judgment is appropriate even though the movant cannot adduce any affirmative evidence *disproving* the essential claim." *Logan,* 96 F.3d at 979.

**2.** The Seventh Circuit described this as "an unfortunately common error." *Logan,* 96 F.3d at 978.

**3.** For example, in *Baulos,* two truck drivers had been dismissed for sleep disorders that caused them to be unable to take "sleeper duty," where two drivers ride together and take turns sleeping and driving. *See* 139 F.3d at 1149–50. The plaintiffs claimed that their sleep disorders were disabilities under the Americans with Disabilities Act and therefore, could not be a lawful basis for discharge. The Seventh Circuit's opinion focused on the plaintiffs' inability to prove that they were disabled as defined by the Act. Although it is not explicitly mentioned in the opinion, it is clear that the defendant (the movant for summary judgment) first satisfied its burden of production under Federal Rule 56 by pointing out that the "plaintiffs were unable to perform one particular job for them, driving sleeper trucks, and that this is insufficient to establish a disability under the ADA." *Id.* at 1151.

unable at trial to establish an essential fact on which the non-movant carries the burden of proof.

## II. Indiana Trial Rule 56

Trial Rule 56(C) provides that a summary judgment movant must show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This requires the movant to designate sufficient proof to foreclose the non-movant's reasonable inferences and eliminate any genuine factual issues. However, as some decisions have recognized, summary judgment under Indiana Trial Rule 56 should not require that the movant prove a negative. *See Town of Montezuma v. Downs*, 685 N.E.2d 108, 116 n. 9 (Ind.Ct.App.1997) ("To require the Downs to affirmatively prove that the pipeline was not inspected would require them to prove a negative, something which we refuse to do."). I believe it is sufficient if the movant either disproves an element of the non-movant's claim or demonstrates that the non-moving party cannot carry its burden of proof at trial.[4]

This flows from the basic structure of Indiana Trial Rule 56. In my view, once the movant has put forward evidence to (1) establish the elements of its claim or defense, or (2) negate an essential element of the non-movant's claim or defense, or (3) prove that the non-moving party will be unable to present evidence to prove an essential element of its claim or defense, the burden shifts to the non-movant to make a showing sufficient to establish the existence of a genuine issue for trial on each challenged element. *See Mullin v. Municipal City of South Bend*, 639 N.E.2d 278, 281 (Ind.1994); *see also* Ind. Trial Rule 56(E); *Shell Oil Co. v. Lovold Co.*, 705 N.E.2d 981, 984 (Ind.1998). This does not mean that there is a shift of the bur-

4. The view that summary judgment is appropriate if the movant shows that the non-movant can never produce evidence to support its claim on a material issue on which it bears the burden of proof at trial is supported by the federal courts that have properly construed *Celotex* as well as courts in many other states. *See Jones v. City of Columbus*, 120 F.3d 248, 253–54 (11th Cir.1997); *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978–79 (7th Cir.1996); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606–09 (11th Cir.1991); *Muslim v. Frame*, 854 F.Supp. 1215, 1222 (E.D.Pa.1994); *Anderson v. Radisson Hotel Corp.*, 834 F.Supp. 1364, 1367–69 (S.D.Ga. 1993); *Campbell v. Southern Roof Deck Applicators, Inc.*, 406 So.2d 910, 913 (Ala.1981); *Orme Sch. v. Reeves*, 166 Ariz. 301, 802 P.2d 1000, 1009 (1990); *Hydroculture, Inc. v. Coopers & Lybrand*, 174 Ariz. 277, 848 P.2d 856, 862 (1992); *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 712–13 (Colo.1987) (en banc) (movant without burden of proof at trial can meet its initial burden by demonstrating the absence of evidence in the record to support non-movant's case); *Waldrep v. Goodwin*, 230 Ga. 1, 195 S.E.2d 432, 433–34 (1973) (movant must show that one essential element of non-movant's claim "is lacking and incapable of proof"); *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 876 P.2d 154, 156 (1994); *Briggs v. Finley*, 631 N.E.2d 959, 963 (Ind.Ct.App.1994); *Heinsohn v. Motley*, 13 Kan.App.2d 66, 761 P.2d 796, 797–98 (1988); *Crooks ex rel. Williams v. Greene*, 12 Kan.App.2d 62, 736 P.2d 78, 80 (1987); *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 483 (Ky.1991); *Stahl v. Saint Elizabeth Med. Ctr.*, 948 S.W.2d 419, 421 (Ky. Ct.App.1997); *Stofer v. First Nat'l Bank*, 212 Ill.App.3d 530, 156 Ill.Dec. 570, 571 N.E.2d 157, 159, 167 (1991); *Kourouvacilis v. General Motors Corp.*, 410 Mass. 706, 575 N.E.2d 734, 738 (1991); *In re Estate of Nicholson*, 211 Neb. 805, 320 N.W.2d 739, 743–44 (1982); *Maine v. Stewart*, 109 Nev. 721, 857 P.2d 755, 758–59 (1993); *Best v. Perry*, 41 N.C.App. 107, 254 S.E.2d 281, 283–84 (1979); *Dent v. Ford Motor Co.*, 83 Ohio App.3d 283, 614 N.E.2d 1074, 1076 (1992); *Ack v. Carroll Township Auth.*, 661 A.2d 514, 516–17 (Pa. Commw.Ct.1995); *Caledonia Leasing & Equip. Co. v. Armstrong, Allen, Braden, Goodman, McBride & Prewitt*, 865 S.W.2d 10, 13 (Tenn.Ct.App.1992); *Costilow v. Elkay Mining Co.*, 200 W.Va. 131, 488 S.E.2d 406, 410 (1997); *Leske v. Leske*, 197 Wis.2d 92, 539 N.W.2d 719, 721 (1995); *see also* Tex.R. Civ. P. 166(a)(i) No–Evidence Motion; Moore & Stempel, *supra* § 56.11[1][b] ("Because the civil litigation burden of persuasion ... rests with the claimant, the claimant must have at least some sufficiently probative evidence supporting each element of a claim ... in order to prevail on the claim. If proof is absent or insufficient regarding any necessary element of a claim, the claimant can not win at trial and trial is therefore unnecessary.").

den of persuasion on any element of a claim or defense or that the non-movant must establish its entire case to defeat a motion for summary judgment. It does mean, as Trial Rule 56 provides, that, once the movant meets its burden, the non-movant must articulate specific facts that show an issue of material fact requiring a trial. *See Clark v. Estate of Slavens,* 687 N.E.2d 246, 248 (Ind.Ct.App.1997), *abrogated on other grounds by Indiana Farmers Mut. Ins. Co. v. Richie,* 707 N.E.2d 992, 995 (Ind.1999).

This view of Indiana Trial Rule 56 derives from the plain language of the rule, and is also consistent with the purpose of the rule. *Cf. Hess v. Bob Phillips West Side Ford, Inc.,* 159 Ind.App. 46, 50, 304 N.E.2d 814, 816 (1973) (using "literal and commonsense reading of the rule" to interpret the meaning of Indiana Trial Rule 50).[5] This Court determined that the revisions to Indiana Trial Rule 56 in 1991 were intended "[t]o promote the expeditious resolution of lawsuits and conserve judicial resources." *Rosi v. Business Furniture Corp.,* 615 N.E.2d 431, 434 (Ind.1993). Also, Indiana Trial Rule 1 requires the rules, including Trial Rule 56, to "be construed to secure the just, speedy and inexpensive determination of every action." Summary judgment furthers these goals where it can be established that the non-movant will be unable to produce evidence to support its claim or defense. This view of Trial Rule 56 is also fully consistent with the important value "that a party's right to a fair determination of a genuine issue is not jeopardized." *Rogers v. Grunden,* 589 N.E.2d 248, 253 (Ind.Ct.App. 1992). Finally, this interpretation of Indiana Trial Rule 56 not only avoids un-

necessary litigation, but as a byproduct, it also prevents the unnecessary escalation of the settlement value of a clearly flawed claim or defense based simply on the prospect of protracted, if ultimately unsuccessful, litigation.

In simple terms, I believe there is no reason to go to trial or prolong a proceeding if undisputed evidence establishes that an essential claim or defense is doomed to failure. Therefore, summary judgment is proper if, after sufficient opportunity for discovery, the movant can establish that the non-movant will not be able to prove an element of its claim or defense on which the non-moving party bears the burden of proof. Accordingly, transfer should be granted to dispel what I believe is a widely-held misconception as to the summary judgment standard to be used in Indiana courts, irrespective of the effect of this doctrine on the disposition of this case.

SHEPARD, C.J., concurs.

---

**5.** The language of Indiana Trial Rule 56 states that:

[t]he judgment sought shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of

his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

This language clearly places the burden on the movant to establish its right to summary judgment, requires a summary judgment motion to be supported by evidence, and if this is done, shifts the burden of controverting some essential fact to the non-moving party.