**Kenneth COLE, Appellant–Defendant,**

v.

**Janice GOHMANN, Appellee–
Co–Defendant,**

and

**Jeffrey Dodson and Shanice Brazell–
Dodson, Appellees–Plaintiffs.**

**No. 49A02–9906–CV–452.**

Court of Appeals of Indiana.

May 11, 2000.

**1112**

Jil Pullappally Unni, Kopka, Landau & Pinkus, Indianapolis, Indiana, Attorney for Appellant.

Patrick F. Mastrian, III, Sarah J. Graziano, Goodin & Kraege, Mark S. Alderfer, Hackman McClarnon Hulett & Cracraft, Indianapolis, Indiana, Attorneys for Appellee Janice Gohmann.

Dean J. Arnold, Nunn & Greene Law Office, Bloomington, Indiana, Attorney for Appellees Jeffrey and Shanice Dodson.

## OPINION

KIRSCH, Judge

Appellant-defendant Kenneth Cole appeals the trial court's grant of summary judgment in favor of appellee-codefendant Janice Gohmann. Specifically, Cole asserts that the entry of summary judgment for Gohmann should be reversed because a genuine issue of material fact remains as to whether she breached a duty of care to the plaintiffs-appellees, Jeffrey and Shanice Brazell–Dodson (collectively, the "Dodsons"),[1] who were passengers in Cole's automobile. We agree and reverse.

### FACTS AND PROCEDURAL HISTORY

The Dodsons filed a complaint against Cole seeking damages which arose out of a motor vehicle accident. The facts are not in dispute as to how the accident occurred. The Dodsons were traveling as passengers in a vehicle driven by Cole in Marion County. Cole was headed eastbound, it had been raining, and the streets were still wet. At one point, Cole's vehicle began to fishtail. Gohmann was traveling westbound and observed Cole's vehicle spin into her lane. Gohmann first observed Cole's vehicle when it was two to three car lengths away. *Record* at 48. Gohmann's automobile ultimately collided with Cole's vehicle. Gohmann testified that approximately four seconds had elapsed from the time that she saw Cole's vehicle begin to

---

1. The Dodsons have not filed an appearance for purposes of this appeal.

spin until the collision occurred. *Record at* 48–49.

Cole answered the complaint and defended on the grounds that the injuries may have been caused in whole or in part by Gohmann. The Dodsons amended their complaint to add Gohmann as a defendant in the cause of action. Gohmann then proceeded to file a cross-claim for damages against Cole.

Gohmann filed a motion for summary judgment to dismiss her from the Dodsons' cause of action. Gohmann asserted that she did not breach any duty of care owed to the Dodsons and, therefore, the negligence claim must fail. Cole opposed the motion, claiming that a genuine issue of material fact remained as to whether Gohmann breached a duty of care while using a public highway. Following a hearing on the motion, the trial court granted summary judgment for Gohmann and dismissed her from the cause of action with prejudice. In essence, the trial court determined as a matter of law that Gohmann did not breach a duty of care to the Dodsons. Cole now appeals, claiming that the trial court improperly granted summary judgment in favor of Gohmann.

## DISCUSSION AND DECISION

Cole argues on appeal that there are genuine issues and inferences of fact that preclude summary judgment in favor of Gohmann. Specifically, he contends that a question of fact exists as to whether Gohmann breached her duty to maintain a proper lookout while operating her vehicle. Cole claims that whether Gohmann exercised such precaution is a question best left for the fact finder to resolve. He further contends that summary judgment was inappropriate because the question of whether Gohmann acted reasonably in operating her vehicle in these circumstances was for the jury to resolve. We must agree.

■ Once again, we are presented with a case that illustrates the marked differ-

ence in summary judgment procedure in Indiana as compared to federal practice. Under Indiana procedure, the party moving for summary judgment has the burden of establishing that no genuine issue of material fact exists. *Schmidt v. American Trailer Court, Inc.,* 721 N.E.2d 1251, 1253, (Ind.Ct.App.1999), *trans. denied* (2000) (citing *Jarboe v. Landmark Community Newspapers,* 644 N.E.2d 118, 123 (Ind. 1994); *Lenhardt Tool & Die Co. v. Lumpe,* 703 N.E.2d 1079, 1082 (Ind.Ct.App.1998), *trans. denied* (2000)). Once the moving party has met this burden with a prima facie showing, the burden shifts to the nonmoving party to establish that a genuine issue does in fact exist. *Id.* In contrast, federal summary judgment procedure requires summary judgment to be granted against a party who fails to establish an essential element of that party's case as to which that party bears the burden of proof at trial. *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

In *Celotex,* the United States Supreme Court expressly rejected the view that the nonmoving party bears the burden of responding to the summary judgment motion only once the movant has come forward with evidence of the absence of any genuine issue of material fact. *Id.* (citing *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552). The *Celotex* Court stated:

"We think that the position taken by the majority of the Court of Appeals is inconsistent with the standard for summary judgment set forth in Rule 56(c) of the Federal Rules of Civil Procedure. Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. '[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)....' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. But unlike the Court of Appeals, we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim. On the contrary, Rule 56(c), which refers to 'the affidavits, if any,' suggests the absence of such a requirement. And if there were any doubt about the meaning of Rule 56(c) in this regard, such doubt is clearly removed by Rules 56(a) and (b), which provide that claimants and defendants, respectively, may move for summary judgment 'with or without supporting affidavits.' The import of these subsections is that, regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose."

*Celotex,* 477 U.S. at 322–24, 106 S.Ct. at 2552–53.

Our supreme court in *Jarboe* rejected the federal summary judgment approach and explained Indiana's summary judgment framework as follows:

"The burden imposed at trial upon the party with the burden of proof on an issue is significantly different from that required of a non-movant in an Indiana summary judgment proceeding. Under Indiana's standard, the party seeking summary judgment must demonstrate the absence of any genuine issue of fact as to a determinative issue, and only then is the non-movant required to come forward with contrary evidence.

In this respect, Indiana's summary judgment procedure abruptly diverges from federal summary judgment practice. Under the federal rule, the party seeking summary judgment is not required to negate an opponent's claim. The movant need only inform the court of the basis of the motion and identify relevant portions of the record 'which it believes demonstrate the absence of a genuine issue of material fact.' *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 272. The burden then rests upon the nonmoving party to make a showing sufficient to establish the existence of each challenged element upon which the non-movant has the burden of proof. *Id.* Indiana does not adhere to *Celotex* and the federal methodology."

*Jarboe,* 644 N.E.2d at 123.

However, we note that Justice Boehm, with Chief Justice Shepard concurring, re-

cently expressed his belief that Indiana courts have been too literal in interpreting and applying *Jarboe.* *See Lenhardt Tool & Die Co. Inc. v. Lumpe,* 722 N.E.2d 824 (Ind.2000) (Boehm, J., dissenting from denial of transfer). He stated that *Jarboe* had been construed by the courts in some cases to require the movant to "establish a negative proposition" and that in his view such was "an incorrect reading of Trial Rule 56, and of *Jarboe,* and leads to unnecessary expense to litigants and unwarranted demands on judicial resources." *Id.* at 825. After a thorough review of *Celotex,* Justice Boehm concluded:

> "Under a correct reading of *Celotex,* the non-moving party is required to point to evidence supporting its claim or defense only after the moving party has either (1) established the non-movant's inability to prevail as a matter of law or (2) offered evidence that supports the movant's argument that the non-movant cannot carry its burden of proof at trial. Although under Indiana Trial Rule 56 *Jarboe* clearly rejected the view that a party seeking summary judgment could simply point to the opponent's burden of proof at trial and prevail unless the non-movant produced evidence supporting its claim or defense, *Jarboe* did not disable summary judgment as a tool to resolve matters as to which there is no genuine issue of material fact. Rather, ... in my view under Indiana Trial Rule 56, as under federal practice, it is sufficient for summary judgment to establish on undisputed facts either that: (1) the non-movant will be unsuccessful as a matter of law or (2) the non-movant will be unable at trial to establish an essential fact on which the non-movant carries the burden of proof."

*Id.* at 826–27 (citations omitted).

Justice Boehm then further elaborated that in his view:

> "[O]nce the movant has put forward evidence to (1) establish the elements of its claim or defense, or (2) negate an essential element of the non-movant's claim or defense, or (3) prove that the non-moving party will be unable to present evidence to prove an essential element of its claim or defense, the burden shifts to the non-movant to make a showing sufficient to establish the existence of a genuine issue for trial on each challenged element. This does not mean that there is a shift of the burden of persuasion on any element of a claim or defense or that the non-movant must establish its entire case to defeat a motion for summary judgment. It does mean, as Trial Rule 56 provides, that, once the movant meets its burden, the non-movant must articulate specific facts that show an issue of material fact requiring a trial."

*Id.* at 827–28 (citations omitted).

In addressing Cole's claim, we initially observe that to recover on a theory of negligence, the plaintiff must establish: 1) a duty owed to the plaintiff by the defendant to conform her conduct to a standard of care arising from her relationship with the plaintiff; 2) a breach of this duty by the defendant; and 3) an injury to the plaintiff proximately caused by the breach. *Jacques v. Allied Bldg. Svcs. of Indiana,* 717 N.E.2d 606, 608 (Ind.Ct.App. 1999).

Additionally, we note that a motorist must maintain a proper lookout while operating a motor vehicle as a reasonably prudent person would do in the same or similar circumstances. *See Brock v. Walton,* 456 N.E.2d 1087, 1091 (Ind.Ct. App.1983). A motorist has a duty to use due care to avoid a collision and to maintain his automobile under reasonable control. *Chaney v. Tingley,* 174 Ind.App. 191, 195, 366 N.E.2d 707, 710 (1977). The duty to keep a lookout is imposed upon a motorist so that he may become aware of dangerous situations and conditions to enable him to take appropriate precautionary measures to avoid injury. *Schultz v. Hodus,* 535 N.E.2d 1235, 1238 (Ind.Ct.App. 1989), *trans. denied.*

 In the instant case, there is no question that Gohmann had a duty to use reasonable care and maintain a proper lookout. Cole thus asserts that Gohmann has been unable to demonstrate that she did not breach the duty owed to the plaintiffs. Gohmann argues that Cole has offered no designated evidence demonstrating that Gohmann could have avoided the accident. However, Gohmann as the moving party had the burden of establishing the absence of any genuine issue of material fact with respect to the breach of her duty of care. She has not met this burden.

While we have recognized that a motorist must have sufficient time and distance to take evasive action in order to avoid a collision, Gohmann's designated material fails to establish that no material question of fact exists regarding whether she failed to maintain a proper speed, failed to timely brake, failed to turn away, or failed to honk her horn in the time period prior to the collision. *See Schultz*, 535 N.E.2d at 1238. We note that Cole as the non-moving party also failed to come forward with any evidence that Gohmann failed to exercise due care in any of these ways; however, he had no burden under Indiana summary judgment practice to do so. We reject the contention that the only inference to be drawn from the four second reaction time is that Gohmann did not have sufficient time to react to Cole's vehicle when it crossed over into her lane. Despite the short period of time that elapsed between the time Gohmann noticed Cole's vehicle and the collision, the jury must decide whether Gohmann should have been able to honk her horn or blink her lights to give Cole warning of the impact or take other action.

2. As a final note, we reject Gohmann's contention on cross-appeal that this appeal must be dismissed because Cole failed to file the record in a timely fashion. While the trial court granted the motion for summary judgment on December 16, 1998, such an entry was made with respect to one party in a multi-party case. Inasmuch as the trial court

We note that under the federal summary judgment standard, Gohmann would be entitled to summary judgment. However, under Indiana practice Gohmann has not established the absence of a genuine issue of material fact on the breach of duty element of the negligence claim. We further note that it may be the case here that we are interpreting *Jarboe* too literally. However, until *Jarboe* is expressly clarified or overruled, we are bound to follow the holding. Finally, while we recognize the wisdom of Justice Boehm's approach, we are unable to discern how we can construe *Jarboe* as he does without expressly adopting *Celotex*, which *Jarboe* expressly rejects.

As discussed, Gohmann failed to designate materials establishing the absence of a material fact regarding whether she breached a duty of care. Accordingly, summary judgment was improperly granted in favor of Gohmann.

Reversed.[2]

SULLIVAN, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

I respectfully dissent, yet fully embrace our supreme court's holding in *Jarboe v. Landmark Community Newspapers, Inc.*, 644 N.E.2d 118, 123 (Ind.1994), which determined that the summary judgment standard in Indiana requires the movant to establish the "absence of any genuine issue of fact as to a determinative issue." Moreover, I acknowledge that such a requirement is different from the federal standard enunciated in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *See id.* at 123.

did not expressly direct the entry of judgment in writing as to less than all the issues, claims or parties, and determine that there was no just reason for delay, the summary judgment entry was only interlocutory and not an appealable final judgment in accordance with Ind. Trial Rule 56(C).

I must agree, however, with Justice Boehm's comments set forth in his dissent to the denial of transfer in *Lenhardt Tool & Die Co. Inc. v. Lumpe*, 722 N.E.2d 824 (Ind.2000), that there appears to be a "widespread misunderstanding of how the summary judgment standard is to work." *Id.* at 825. Specifically, I favor Justice Boehm's observation that it should be sufficient for summary judgment under Indiana Trial Rule 56, to establish on undisputed facts either that: (1) the non-movant will be unsuccessful as a matter of law or (2) the non-movant will be unable at trial to establish an essential fact on which the non-movant carries the burden of proof. *Id.* at 826–27.

I also acquiesce in the view that once the movant has put forward evidence to (1) establish the elements of the claim or defense, or (2) negate an essential element of the non-movant's claim or defense, or (3) prove that the non-moving party will be unable to present evidence to prove an essential element of its claim or defense, the burden should shift to the non-movant to make a showing sufficient to establish the existence of a genuine issue for trial on each challenged element. *Id.* at 827; *see also Mullin v. Municipal City of South Bend*, 639 N.E.2d 278, 281 (Ind.1994). As Justice Boehm noted, such a pronouncement simply means that once the movant meets his burden, the non-movant must articulate specific facts that show an issue of material fact requiring a trial. *Id.* at 828; *see also Clark v. Estate of Slavens*, 687 N.E.2d 246, 248 (Ind.Ct.App.1997), *abrogated on other grounds by Indiana Farmers Mut. Ins. Co. v. Richie*, 707 N.E.2d 992, 995 (Ind.1999). Our summary judgment standard read in such a light furthers the goals of a just, speedy and inexpensive determination of an action where it can be established that the non-movant will be unable to produce evidence to support his claim or defense. *Lenhardt Tool & Die*, 722 N.E.2d at 828; *see also* Indiana Trial Rule 1. There should be no reason to go to trial or prolong a proceeding if undisputed evidence establishes that

an essential claim or defense is doomed to failure. *Id.* at 828.

It is apparent to me that the entry of summary judgment in Gohmann's favor was appropriate, inasmuch as the record in this case demonstrates that Gohmann met her burden of establishing the absence of any genuine issue of material fact with respect to the breach of her duty of care. Our summary judgment standard set forth in T.R. 56 does not, and should not, require Gohmann to prove that she was not responsible for the accident, inasmuch as proof of a negative is neither compelled nor warranted under our rules. *See Town of Montezuma v. Downs*, 685 N.E.2d 108, 116 n. 9 (Ind.Ct.App.1997).

As the majority points out, this court has noted that a motorist must maintain a proper lookout while operating a motor vehicle as a reasonably prudent person would do in the same or similar circumstances. *See Brock v. Walton*, 456 N.E.2d 1087, 1091 (Ind.Ct.App.1983). He has a duty to use due care to avoid a collision and to maintain his automobile under reasonable control. *Chaney v. Tingley*, 174 Ind.App. 191, 195, 366 N.E.2d 707, 710 (1977). In *Brock* we recognized that:

> The driver of a motor vehicle on a public highway who is on the proper side of the highway has a right to presume that the driver of a car approaching from the opposite direction and on the left hand or wrong side of the highway will return to his proper side in time to avoid a collision, and under such circumstances does not have to anticipate he will not do so.

*Id.* at 1092. We have also observed that a motorist must have sufficient time and distance to take evasive action in order to avoid a collision. *See Schultz v. Hodus*, 535 N.E.2d 1235, 1238 (Ind.Ct.App.1989), *trans. denied.* Specifically, the duty to keep a proper lookout and use reasonable care does not require a motorist to do the "impossible to avoid a collision." *Id.* To be sure, we noted in *Brock* that:

Having the means and ability to avoid a collision means not only the mechanical appliances, such as steering apparatus with which to swerve, signaling equipment with which to warn, or braking appliances with which to slow down or stop, but also the existence of sufficient time and distance, considering the movements and speeds of the vehicles, to enable the party charged [with failure to keep a careful lookout] to take effective action in avoidance.

*Brock*, 456 N.E.2d at 1092–93.

Here, I would note that Cole does not contest that Gohmann was properly operating her motor vehicle in her lane of travel when Cole's automobile began to fishtail. Rather, he asserts that Gohmann has been unable to demonstrate a lack of duty or a breach of duty to the plaintiffs.

The record shows that Gohmann first observed Cole's vehicle when it was two to three car lengths away. R. at 48. Further, Gohmann testified that approximately four seconds had elapsed from the time that she saw Cole's vehicle begin to spin until the collision occurred. R. at 48–49. Notwithstanding the short period of time that had elapsed, Cole asserts Gohmann should have been able to honk her horn or blink her lights to give Cole warning of the impact. R. at 46. Moreover, the majority observes that, under these circumstances, "the jury must decide whether Gohmann should have been able to honk her horn or blink her lights to give Cole warning of the impact or take other action." *Op.* at 1116. To me, such a pronouncement erroneously implies that the issue of whether someone maintained a proper lookout under any set of circumstances would always create a question of fact, regardless of the nonmovant's conduct.

I would also note in this case that Shanice Dodson was unable to identify the rate of speed that Gohmann was traveling and did not know how Gohmann was driving immediately prior to the accident. R. at 83–84. She could not state how close Gohmann's vehicle was to Cole's automobile when he crossed the centerline. To the contrary, Dodson was only able to testify that Gohmann was a few feet away when she first noticed Gohmann's vehicle. R. at 83–84. Jeffery Dodson has no recollection of the accident as it occurred. R. at 78.

Similar to the circumstances that were presented in *Schultz*, the designated evidence here demonstrates that Gohmann had only four seconds to react in order to anticipate and avoid the collision. The Dodsons could not identify the manner in which Gohmann was operating her vehicle. Thus, the only inference that may be drawn from the evidence designated to the trial court is that Gohmann did not have sufficient time to react to Cole's vehicle when it crossed over into her lane. I therefore reject the notion that a reasonable inference arose establishing that Gohmann breached her duty to avoid a collision. Thus, it is my belief that no competent evidence was presented from which a jury could infer that Gohmann was negligent in the operation of her automobile. In my view, Gohmann did designate materials establishing the absence of a material fact regarding whether she breached a duty of care and, contrary to the position set forth by the majority, it is apparent to me that even under the pronouncement in *Jarboe*, Gohmann successfully met her burden of proof in these circumstances. I therefore vote to affirm the grant of summary judgment in favor of Gohmann.