*731 KIRSCH, Judge,
dissenting.
I respectfully dissent.
This case illustrates once again the marked difference in summary judgment procedure in Indiana as compared to federal practice. Lacy-McKinney v. Taylor Bean & Whitaker Mortg. Corp., 937 N.E.2d 853, 865 (Ind.Ct.App.2010) (citing Cole v. Gohmann, 727 N.E.2d 1111, 1113 (Ind.Ct.App.2000)). Federal summary judgment procedure requires summary judgment to be granted against a party who fails to establish an essential element of that party's case as to which that party bears the burden of proof at trial. Id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). In contrast, under Indiana's summary judgment procedure, the party moving for summary judgment has the burden of establishing that no genuine issue of material fact exists. Id. at 865-66 (citing Jarboe v. Landmark Cmty. Newspapers, 644 N.E.2d 118, 123 (Ind.1994)). Only after the moving party has met this burden with a prima facie showing that no genuine issue of material fact exists does the burden then shift to the non-moving party to establish that a genuine issue of material fact does in fact exist. Id. at 866.
Here, the dispute between the parties centered on whether the value of the work provided by Mead exceeded $1,000. As the moving party, Hood's had the burden of establishing the absence of any genuine issue of material fact that the actual value of the services provided by Mead to Hood's, the $600 contract price plus the value of the wood Mead was allowed to keep, did not exceed $1,000. However, Hood's failed to designate any evidence to show that the value of the wood Mead was allowed to keep did not exceed $400, which would make the value of the services provided over $1,000. Mead testified that the wood was more valuable to him than the $600 in cash he received and that he made sure to clarify with Hood's that the contract was for $600 plus the wood. Hood's did not establish that the value of the wood combined with the $600 caused the value of services provided to it by Mead to not exeeed $1,000.
The trial court found that, although it was possible that the wood did have a fair market value of over $400, Hood's did not acknowledge it and that no evidence was presented that Hood's was aware or should have been aware that the value of the wood exceeded $400. Under Indiana's summary judgment procedure, unlike the federal procedure, the burden was on Hood's to come forth with evidence to show that no genuine issue of material fact existed as to the value of the contract not exceeding $1,000, which Hood's failed to do. I, therefore, vote to reverse the grant of summary judgment in favor of Hood's and would remand for further proceedings.