Anthony BRANNON, Appellant–Defendant,

v.

Chris WILSON, Individually and as Executrix of the Estate of Danny L. Wilson, Appellee–Plaintiff.

No. 41A01–9906–CV–225.

Court of Appeals of Indiana.

Aug. 24, 2000.

Linda Y. Hammel, Yarling & Robinson, Indianapolis, Indiana, Attorney for Appellant.

George Hoffman, III, Jones Hoffman & Admire, Franklin, Indiana, Attorney for Appellee.

## OPINION

SULLIVAN, Judge

Anthony Brannon ("Brannon") appeals the trial court's denial of his motion for partial summary judgment. Brannon raises one issue for our review, which we restate as: whether the trial court erred by denying his motion for partial summary judgment.

We reverse.

On August 18, 1995, Brannon was involved in an automobile accident with Dan-

ny L. Wilson ("Wilson"), who suffered from chronic liver disease prior to the accident. The accident resulted in injuries to Wilson, including bilateral forearm contusions and hematoma, a periumbilical contusion, a chest wall contusion and a motor vehicle accident forehead contusion. Wilson and his wife, Chris ("Chris"), filed a complaint against Brannon alleging negligence on September 13, 1996. Wilson died on December 10, 1996. On August 5, 1997, the trial court granted leave for Chris to file an amended complaint. This amended complaint included a count for the wrongful death of Wilson, alleging that the trauma suffered by Wilson in the accident had aggravated his liver disease and hastened his death.

On February 4, 1999, Brannon filed a motion for summary judgment on the wrongful death claim. Brannon argued that he was entitled to judgment as a matter of law on that claim, because Chris could present no evidence that the accident was a cause of Wilson's death. In support of his motion, Brannon designated the affidavit of Dr. S. Chris Pappas, who opined that, based upon his review of Wilson's medical records, Wilson's liver disease was not aggravated by the accident, and that the progression of Wilson's liver disease following the accident was not unusual. Dr. Pappas further stated that his review of a CT scan taken shortly after the accident revealed that there was no laceration or hematoma to Wilson's liver as a result of the accident. Dr. Pappas also stated that a prominent duct dilation in the left lobe of Wilson's liver, revealed in the CT scan, raised the suspicion that Wilson was developing a dominant stricture or cholangiocarcinoma that was not related to the accident, but was common in the natural history of Wilson's disease. Finally, Dr. Pappas stated that, had Wilson suffered an injury that aggravated his liver disease, the accelerated deterioration of his liver would have required almost immediate medical attention. Wilson did not seek medical attention for liver complications until May, 1996, nearly nine months after the accident.

In support of Chris's response to Brannon's motion for partial summary judgment, she designated portions of the pleadings, and a portion of the deposition of Dr. Lawrence Lumeng, Wilson's treating physician. In his deposition testimony, Dr. Lumeng stated that there was a possibility that the physical trauma sustained in the accident made Wilson's liver disease worse, and hastened his death. Further, Dr. Lumeng stated that it was possible that a lesion on the right side of Wilson's liver was caused by the accident.

Following a hearing, the trial judge determined that a genuine issue of material fact existed as to whether the accident caused or accelerated Wilson's death, and denied Brannon's motion for partial summary judgment. The trial court certified its order, and this court accepted the interlocutory appeal.

■ We readily acknowledge that cases based upon claims of negligence do not, as a general proposition, lend themselves to disposition by summary judgment. *Smith v. Beaty* (1994) Ind.App., 639 N.E.2d 1029. We further acknowledge that a plaintiff, in opposing summary judgment, need not prove her case by a preponderance of the evidence as she would be required to do at trial. *Jarboe v. Landmark Community Newspapers, Inc.* (1994) Ind., 644 N.E.2d 118. Furthermore, she is not precluded from avoiding summary judgment merely because it is unlikely that she will succeed at trial in convincing the trier of fact. *Best Homes, Inc. v. Rainwater* (1999) Ind.App., 714 N.E.2d 702.

■ Nevertheless, a plaintiff should not be permitted to require a defendant to enter into a full-scale trial defense of a claim which is supported solely by speculation or mere possibility. *Czarnecki v.*

*Hagenow* (1985) Ind.App., 477 N.E.2d 964.[1] *Cf. Smith, supra,* 639 N.E.2d at 1034 (an expert's opinion that something is "possible" may be adequate *"when rendered in conjunction with other, probative evidence establishing the material factual question to be proved"*) (citing *Noblesville Casting Div. of TRW, Inc. v. Prince* (1982) Ind., 438 N.E.2d 722, 731) (emphasis supplied).

To be sure, and as above noted, the test necessary to be met by a non-movant at the summary judgment stage is not the same burden which she bears in order to recover damages at trial. However, in the context of the case before us, Brannon has carried his prima facie summary judgment burden and that demonstration has not been adequately combated by Wilson.

■ Brannon has carried his prima facie burden of demonstrating that there is no genuine issue of material fact with regard to whether the automobile accident was a proximate cause of Danny Wilson's death. The affidavit of Dr. Pappas categorically controverted Wilson's claim that the accident aggravated Danny Wilson's chronic liver disease and hastened his death. The affidavit of Dr. Pappas clearly and unmistakably opined that there was a total absence of proximate cause as between the automobile accident and Danny Wilson's death.

Although Wilson, in response to Brannon's Motion for Summary Judgment, sought to inject an issue of fact as to the possibility of whether the accident was a proximate cause, such issue is not the focal point of our summary judgment analysis, nor may it suffice to defeat Brannon's Motion.

■ A summary judgment for a defendant is appropriate where the moving party has negated at least one element of plaintiff's claim. *American Legion Pioneer Post No. 340 v. Christon* (1999) Ind.

App., 712 N.E.2d 532, *trans. denied.* The element in question here is that of proximate cause. That element, in turn, depends upon whether the accident was more probably than not, a causative factor in Danny Wilson's death. In order to successfully avoid summary judgment, Wilson was required not merely to advance some evidence that there was a possibility of causal connection, but rather to advance some evidence to demonstrate the existence of a genuine issue as to whether a causal connection was probable.

Albeit not in a summary judgment setting, our Supreme Court stated the proposition well in *Palace Bar, Inc. v. Fearnot* (1978), 269 Ind. 405, 381 N.E.2d 858, 864:

> "A doctor's testimony that a certain thing is possible is no evidence at all. His opinion as to what is possible is no more valid than the jury's own speculation as to what is or is not possible."

It would seem that if Dr. Lumeng's affidavit, submitted in opposition to Dr. Pappas's affidavit concerning the total lack of proximate cause, is no evidence at all, it is necessarily inadequate to refute Dr. Pappas's opinion. Wilson has demonstrated no genuine issue of fact as to the crucial element of causation.

Even in light of the view expressed by Justice Boehm, joined by Chief Justice Shepard, in *Lenhardt Tool & Die Co. v. Lumpe* (2000) Ind., 722 N.E.2d 824, concerning the extreme difficulty of establishing a negative, Brannon has done so here. He has established the negative proposition relative to proximate cause sufficient to meet even the misconstruction of *Jarboe, supra,* by subsequent cases as criticized by Justice Boehm and Chief Justice Shepard. *See Cole v. Gohmann* (2000) Ind.App., 727 N.E.2d 1111.

---

1. Recently, a panel of this court held similarly in *Owens Corning Fiberglas Corp. v. Cobb* (1999) Ind.App., 714 N.E.2d 295. However, that decision was vacated January 19, 2000, when our Supreme Court granted transfer. The matter is awaiting an opinion by the Supreme Court.

A majority of the panel of this court in *Cole* held, somewhat reluctantly perhaps, that until *Jarboe* "is expressly clarified or overruled, we are bound to follow the holding." *Id.* at 1116. The *Jarboe* holding rejected the federal summary judgment standard as set forth in *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, *cert. denied* (1988) 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992, and would appear to require a party moving for summary judgment to prove a "negative proposition" in many situations.

Our case is distinctly unlike *Cole, supra.* In that case, Gohmann, the moving party, did *not* negate the existence of duty, the element of plaintiff's claim which was in dispute. Accordingly, under Indiana summary judgment procedure, as opposed to federal summary judgment procedure, the majority held that Cole, the non-moving party plaintiff, had no burden to demonstrate a genuine issue of fact as to Gohmann's failure to "maintain a proper speed ... timely brake ... turn away ... or honk her horn...." *Cole, supra,* 727 N.E.2d at 1116.

As noted here, Brannon did negate proximate cause, thereby placing upon Wilson the burden of advancing evidence reflecting the probability of causal connection. Wilson was obligated to come forward with something more substantial than an unsupported assertion of mere possibility in order to avoid Brannon's strong showing of the absence of any genuine issue of material fact as to the essential element of causation.

Wilson has attempted to meet Brannon's prima facie establishment that there are no apples in Wilson's barrel, by alleging that there could be an apple if one were to happen to fall in the barrel at some later time. Such assertion of the possibility of a future showing is inadequate.

It would perhaps not be unwarranted to read our decision as placing Indiana law in a posture more receptive to the positive considerations contained in the federal standard, yet retaining the cautionary approach of *Jarboe* against requiring plaintiffs to prove their case as if at trial.

In any event, Brannon has shown entitlement to summary judgment even by application of *Jarboe, supra,* as construed by the majority in denying transfer in *Lenhardt, supra,* and by both the majority and dissent in *Cole, supra.*

The judgment is reversed and the cause remanded with instructions to grant summary judgment to Brannon.

BAKER, J., concurs.

STATON, SR. J., dissents with opinion.

STATON, Sr. Judge, dissenting

I dissent for two reasons.

First, the Majority has confused entitlement of judgment as a matter of law with entitlement of judgment as established by proven facts at trial. A party may be entitled to summary judgment where there has been a failure to establish a statutory duty, a statute of limitations has run, or procedural rules have not been followed.

But, proximate cause can never be more than a shimmering shadow until numerous facts are placed in evidence and expert testimony is presented. Often the offered facts and expert testimony are conflicting. The credibility of witnesses and the weighing of the evidence by a fact finder are necessary before proximate cause can take meaningful form. By its very nature, proximate cause is a factual issue that can only be determined by the admission of numerous pieces of evidence. This is why summary judgment is not appropriate and this is why a party is not required to make a full disclosure of all his evidence when responding to a motion for summary judgment. *Jarboe v. Landmark Community Newspapers, Inc.,* 644 N.E.2d 118 (Ind. 1994); *Best Homes, Inc. v. Rainwater,* 714 N.E.2d 702 (Ind.Ct.App.1999).

As a result of the accident, Danny Wilson suffered bilateral forearm contusions, hematoma, a periumbilical contusion, a

chest wall contusion, and a forehead contusion. Prior to the accident he had a chronic liver disease. Later, he died.

By reversing the trial court, the Majority is holding that the movant of the summary judgment motion has proven a factual negative — no proximate cause. This is not a matter of law but a matter of fact. Although proximate cause may be an element of the cause of action, it does not change the factual character of the element. A single medical expert's affidavit cannot have the finality and conclusiveness suggested by the Majority. This is especially true where a second medical expert's affidavit is in conflict. Dr. Lawrence stated in his affidavit that it was possible that a lesion on the right side of Wilson's liver was caused by the accident and that there was a possibility that the physical trauma sustained in the accident made Wilson's liver disease worse and hastened his death.

Second, I dissent for the reason that the Majority has assumed a task that should be left to the Indiana Supreme Court.[2] Negligent actions do not lend themselves to summary judgment because they are fact sensitive. Summary disposition should be left to matters of law and not to matters of fact as the Majority has attempted. A far different result may be reached once the fact finder has an opportunity to hear all the evidence. Anything less frustrates the ends of justice.

I would affirm the judgment of the trial court.

---

2. *See Owens Corning Fiberglas Corp. v. Cobb,* 714 N.E.2d 295 (Ind.Ct.App.1999). The Indiana Supreme Court granted transfer on January 19, 2000.