Anthony BRANNON, Defendant–
Appellant,

v.

Chris WILSON, Individually and as
Executrix of the Estate of Danny
L. Wilson, Plaintiff–Appellee.

No. 41A01–9906–CV–225.

Supreme Court of Indiana.

April 22, 2002.

Linda Y. Hammel, Yarling & Robinson, Indianapolis, IN, Attorney for Appellant.

George Hoffman, III, Jones, Hoffman & Admire, Franklin, IN, Attorney for Appellee.

ON PETITION TO TRANSFER

Transfer denied.

DICKSON, Justice, dissenting from denial of transfer.

In this automobile collision wrongful death action, the trial court denied the defendant's summary judgment motion and certified its order for interlocutory appeal. Accepting the case, the Court of Appeals, noting that the deposition testimony of the plaintiff's physician was equivocal regarding the causative relationship of the collision to the decedent's death, reversed and remanded with instructions to grant the defendant's motion for summary judgment. *Brannon v. Wilson*, 733 N.E.2d 1000 (Ind.Ct.App.2000). The plaintiff petitioned for transfer, but a majority of the members of this Court prefer to deny transfer. While I realize that the evidence at issue in this particular case is

extremely close to pure speculation, I would nevertheless grant transfer to acknowledge and apply the applicable precedent of this Court that was not considered by the Court of Appeals.

The opinion of the Court of Appeals is grounded upon its belief that the plaintiff, in responding to the defendant's motion for summary judgment, was required "not merely to advance some evidence that there was a *possibility* of causal connection, but rather to advance some evidence to demonstrate the existence of a genuine issue as to whether a causal connection was *probable*." *Id.* at 1002 (emphasis added). Relying on *Palace Bar, Inc. v. Fearnot,* 269 Ind. 405, 415, 381 N.E.2d 858, 864 (Ind.1978), the Court of Appeals concluded that the affidavit concerning proximate cause submitted by the plaintiff's medical expert "is no evidence at all." *Brannon,* 733 N.E.2d at 1002.

*Palace Bar* has been superceded. In *Strong v. State,* 538 N.E.2d 924, 931 (Ind. 1989), this Court approved and embraced Justice Hunter's opinion[2] in *Noblesville Casting Div. of TRW v. Prince,* 438 N.E.2d 722 (Ind.1982). The *Strong* court observed that Justice Hunter's opinion "provided a thoughtful and discerning analysis." *Strong,* 538 N.E.2d at 930. In *Prince,* Justice Hunter wrote:

[T]o hinge the question whether an expert's opinion is admissible and probative on the willingness and ability to say that such-and-such is "reasonably certain," as opposed to "probable" or "possible," is to impose on the expert a question which elevates the law's demand for certainty in language over the state of the particular art and the value of the advances made therein. Medicine, for

2. Justice Hunter was joined by Justice Prentice. Justice Pivarnik, joined by Justice Givan, concurred in result. Justice DeBruler did not participate in the decision.

instance is not yet an exact science; to demand reasonable certainty in medical opinions places a sometimes insurmountable barrier in the fact of the candid and straightforward medical expert.

. . . .

[N]o threshold level of certainty or conclusiveness is required in an expert's opinion as a prerequisite to its admissibility. Assuming the subject matter is one which is appropriate for expert testimony and that a proper foundation has been laid, the expert's opinion or conclusion that, in the context of the facts before the witness, a particular proposition is "possible," "could have been," "probable," or "reasonable certain" all serve to assist the finder of fact in intelligently resolving the material factual questions.

*Prince,* 438 N.E.2d at 727, 731 (quoted with approval in *Strong,* 538 N.E.2d at 930–31).[3]

In the present case, the plaintiff's complaint alleged that the collision worsened the plaintiff's decedent's liver disease, hastened his death, and diminished his chances of receiving a liver transplant. In response to the defendant's motion for summary judgment asserting the absence of proximate causation, the plaintiff submitted the deposition of the decedent's physician, who had worked with a committee that deals with liver transplantation and selection of patients for liver transplants. In response to the various questions related to the role of the automobile accident and the plaintiff's decedent's injuries and death, the plaintiff's medical expert provided these responses:

I can't really, you know—I can't really say—it's possible, but is it probable? It's possible, but I can't say. [Record at 89.]

The committee and I decided that the single statement that we can make is as follows: We cannot exclude the possibility that the physical trauma sustained from the automobile accident on 8–18–95 would have made [the decedent's] disease worse. We cannot exclude that possibility. [Record at 89.]

It is possible that the process could have made his liver disease worse. [Record at 91.]

I still can't say for sure either way. *It could be possible. It could be probable.* [Record at 99 (emphasis added).]

All I can say is that between the—it was a significant accident. All right? He had contusions to many body parts. It *is possible* that he could have bled some. And if that were the case, it could explain this single lesion to the right side of the liver that compressed against the right bile duct system. *It is a possibility.* And whether related to the accident or not, his condition did deteriorate between the last time I saw him back in June of 1995 and the next time I saw him, which was in June of 19—May of 1996. His condition was worse. *I really can't tell you a causal relationship or not. It's almost—very difficult to say. It's possible.* I mean, we were very careful in saying what we want to say about the case, and I think I should adhere to that. Basically, the committee and I decided *the right thing to say*

**3.** Strongly emphasizing that "possible" or "could have been" are sufficient to permit *admission* of expert testimony, Justice Hunter also noted that, while admissible, the degree of certainty "concerns the weight to be accorded the testimony, which is a matter for the jury to resolve." *Prince,* 438 N.E.2d at 731. As to the issue of *sufficiency* of evidence, he wrote, "Of course, an expert's opinion that something is "possible" or "could have been" may be sufficient to sustain a verdict or award when it has been rendered in conjunction with other evidence concerning the material factual question to be proved." *Id.*

*would be that it is possible.* We *cannot exclude the possibility* that the physical trauma sustained during the accident made Mr. Wilson's disease worse. [Record at 119–20 (emphasis added).]

Under the principles established in *Strong* and *Prince*, the testimony of the plaintiff's physician is certainly *not* "no evidence at all" as opined by the Court of Appeals. *Brannon*, 733 N.E.2d at 1002. Whether it created a genuine issue of material fact precluding summary judgment for the defendant is a matter that I believe this Court should address. For these reasons, I would grant transfer.

RUCKER, J., concurs.