**Michelle HARVEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 10A01–0012–CR–436.

Court of Appeals of Indiana.

June 7, 2001.

David E. Mosley, Assistant Public Defender, Jeffersonville, IN, Amber C. Shaw, Jefferson, IN, Attorneys for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Adam M. Dulik, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Chief Judge.

Michelle Harvey appeals the revocation of her bond. She raises two issues, which we restate as follows:

1.  whether the trial court abused its discretion when it revoked her bond; and

2.  whether the trial court displayed bias when it ordered Harvey to submit to a drug test.

Additionally, the State raises two issues that can be construed as cross-appeal issues, which we restate as follows:

1.  whether Harvey has waived consideration of her appeal by failing to comply with the procedure for initiating interlocutory appeals; and

2.  whether Harvey has waived consideration of her bond revocation claim by failing to file an adequate record.

We affirm.[1]

The relevant facts follow. On April 22, 1999, Harvey was charged with dealing in cocaine within 1000 feet of a family housing complex, a class A felony.[2] On May 6, 1999, the trial court held an initial hearing, during which the trial court set bond in the amount of $25,000. Harvey was unable to post bond and remained incarcerated.

On February 15, 2000, Harvey filed a motion for bond reduction. On March 8, 2000, the trial court held a hearing on Harvey's motion.[3] After the hearing, the trial court issued an order that provides as follows: "Defendant is remanded to the custody of the Clark County Sheriff pending the posting of the bond in the amount of $2,500, cash only/cash, court cash, or surety, with specific added conditions to report every Monday to probation office." Record, p. 48. Although the record does not reveal the nature of other added conditions, the parties agree that the trial court also required Harvey to submit to drug testing while on bond. Harvey posted bond and was no longer incarcerated.

On June 15, 2000, Harvey appeared before the trial court, along with other criminal defendants, for a final pre-trial hearing. At that time, the trial court instructed all of the defendants as follows:

> Okay, as you will recall, most of you if you have made bond had certain conditions of bond. Those additional conditions of bond were to, not violate any of the laws of the State of Indiana or any other jurisdiction; to attend hearings such as this, . . ., and to report for drug or alcohol testing as a condition of bond. Today we are going to do drug tests on all Defendants that are in the room. . . . So after we do your Final Pre–Trial, then you'll exit by this door, and you'll meet with the Probation Officers, and they will be doing urine tests, at this time.

Record, p. 86. Harvey objected to the drug test. The trial court concluded that the drug testing requirement was a valid condition of probation but did not order Harvey to submit to a test at that time.

On June 20, 2000, the State filed a motion to revoke Harvey's bond. A hearing was held on July 26, 2000, during which the trial court found that "there was a failure to follow the conditions of bond at the request of the Court and . . . that there has been a violation of that Order." Record, p. 105. On September 14, 2000, the trial court entered an order in which it revoked Harvey's bond, ordered her to serve twenty-four hours in jail for contempt of court, and stayed the proceedings pending Harvey's appeal.

---

1.  Oral argument was held on May 16, 2001, at Our Lady of Providence Junior/Senior High School in Clarksville. We thank the staff, faculty, and students for their hospitality.

2.  Ind.Code § 35–48–4–1.

3.  A transcript of that hearing has not been included in the record.

## I.

■ We first address the State's cross-appeal issues because if either of them has merit, it would be dispositive of one or both of Harvey's claims. The State's first issue is whether Harvey has waived consideration of her appeal by failing to comply with the procedure for initiating interlocutory appeals.

■ This court may dismiss appeals when it discovers it does not have jurisdiction. *Bayless v. Bayless*, 580 N.E.2d 962, 964 (Ind.Ct.App.1991), *reh'g denied, trans. denied.* An appeal from an interlocutory order is not allowed unless the Indiana Constitution, statutes, or the rules of court grants specific authority to do so. *Id.* An attempt to appeal an interlocutory order as if it were a final judgment results in waiver of the appeal. *See id.* at 966.

Here, the State contends that Harvey's appeal from the revocation of bond is interlocutory rather than final, and that Harvey failed to follow the certification procedure for interlocutory appeals set forth in former Ind. Appellate Rule 4(B).[4] As a result, the State concludes that Harvey has waived appellate review of her case.

For guidance, we turn to former Ind. Appellate Rule 4(E), which provides:

> No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, ... pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below.

■ Thus, this court has discretion to pass upon the severable adjudicated issues that pertain to the parties, and this court can consider the merits of a case in order to facilitate a speedy disposition of it. *See Burke v. Wilfong,* 638 N.E.2d 865, 868 (Ind.Ct.App.1994).

The question of whether the trial court erred in revoking Harvey's bond is severable from the adjudication of the charge against her. Furthermore, the following colloquy occurred among the trial court and counsel at the hearing on the State's motion to revoke her bond:

> THE COURT: I will find that this Order [on the State's motion] was [a] Final and Appealable Order, so it's not an Interlocutory Appeal, it is a regular Appeal. And so for purposes of that, today's date would be [the] date when the time would start to run. Is that the consensus of counsel?
>
> [HARVEY]: Yes, Your Honor.
>
> [THE STATE]: Yes, Your Honor.

Record, pp. 109–110. Thus, the trial court and the parties agreed that any appeal of the trial court's ruling would be a final appeal. Because the bond issue is severable from the criminal charge, and because the parties agreed that this appeal would be from a final judgment rather than interlocutory in nature, we choose to exercise our discretion and disregard any procedural irregularities. *See, e.g., Burke,* 638 N.E.2d at 868.

## II.

■ The State's second cross-appeal issue is whether Harvey has waived consideration of her bond revocation claim by failing to file an adequate record. It is the duty of an appellant to provide this court with a record sufficient to enable us to

---

4. A revised version of the Indiana Rules of Appellate Procedure went into effect on January 1, 2001. However, because Harvey initiated this appeal prior to that date, we are applying the former appellate rules to this case.

review the claim of error. *Lenhardt Tool & Die Co. v. Lumpe*, 703 N.E.2d 1079, 1084 (Ind.Ct.App.1998), *trans. denied*, 722 N.E.2d 824 (Ind.2000), *trans. denied.* We cannot reverse a judgment for error alleged in a ruling dependent upon facts not before us. *Id.*

■ Here, the State argues that Harvey's record is fatally inadequate because it does not contain a transcript from the March 8, 2000, hearing on Harvey's motion to reduce bail, during which the trial court required Harvey to submit to a program of drug testing as a condition of bond.[5] The State contends that the absence of the transcript is important because without the transcript we cannot ascertain whether the drug-testing requirement imposed upon Harvey was random or scheduled. Harvey claims that the drug testing was to be imposed randomly. On the other hand, the State contends, "In light of [Harvey's] responsibility to report to a probation officer every Monday while on bond, it may be that her bail was conditioned on providing a urine sample every week." Appellee's Brief, p. 5.

We agree that the trial court's order reducing Harvey's bond does not discuss whether she was required to submit to drug testing or whether such testing was to be random or scheduled weekly, and that the hearing transcript may have resolved the question. However, for the purposes of the State's argument on Harvey's bond revocation claim, it does not matter if the drug testing was to be done

randomly or on a regularly scheduled basis. The State's primary contention regarding the drug testing program is that it was constitutional for the trial court to require Harvey to submit to drug testing even though the authorities lacked a reasonable suspicion that Harvey was using drugs. Whether the drug test was randomly imposed or scheduled on a weekly basis is irrelevant to the State's argument because in either case the search would be suspicionless. Consequently, we will assume that the drug testing was to be performed on a random basis, as Harvey claims, and the absence of the hearing transcript does not prevent us from addressing Harvey's bond revocation claim. *Cf. Lenhardt*, 703 N.E.2d at 1084.

### III.

■ The first issue raised by Harvey is whether the trial court abused its discretion when it revoked her bond. Initially, we must determine the appropriate standard of review. The determination of whether to grant bail in a particular case is within the trial court's discretion and is reviewable only for an abuse thereof. *See Tinsley v. State*, 496 N.E.2d 1306, 1308 (Ind.Ct.App.1986). The decision to grant bail and the decision to revoke bail are similar, and we conclude that the same standard of review applies to both.

Harvey contends that the trial court's order to submit to a drug test constitutes an unconstitutional search and seizure pursuant to the Fourth Amendment to the United States Constitution,[6] and because

---

5. The State also argues that the record is inadequate because it does not contain a copy of the trial court's order revoking Harvey's bond. However, the order has been filed with this court in a supplemental record.

6. The Fourth Amendment to the United States Constitution provides, in relevant part, "The right of the people to be secure in their persons, houses, papers, and effects, against un-

reasonable searches and seizures, shall not be violated, . . . ."

Harvey also raises a claim pursuant to article 1, § 11 of the Indiana Constitution. However, when she objected to being ordered to take a drug test, she only discussed the Fourth Amendment, not the Indiana Constitution. Consequently, Harvey is raising her Indiana Constitution claim for the first time

the order was unconstitutional, her refusal to take a drug test does not establish "good cause" to revoke her bond.

■■■ The State contends that Harvey did not object to random drug testing as a condition of her bond at the March 8th bond reduction hearing, and that by consenting to that condition she has waived review of her claim, notwithstanding her objection when the trial court ordered her to take a test at the June 15th hearing. When a defendant does not properly bring an objection to the trial court's attention so that the trial court may rule upon it at the appropriate time, she is deemed to have waived that possible error. *Brown v. State,* 587 N.E.2d 693, 703 (Ind.Ct.App. 1992).

■■■ Harvey conceded at oral argument that she did not object to the imposition of random drug testing as a condition of probation. Nevertheless, Harvey contends that random drug testing as a condition of probation is not at issue. It is her position that the trial court may require random drug testing as a condition of probation, but the trial court cannot order a defendant to submit to an actual random drug test in the absence of reasonable suspicion. We disagree.

"Random" is defined, in relevant part, as "lacking aim or method; purposeless; haphazard." WEBSTER'S NEW WORLD DICTIONARY 1112 (3d college ed., 1988). Giving the word its plain meaning, a "random" drug test is haphazardly given and is ordered without regard for the circumstances of a defendant's case. A random search lacks cause, including reasonable

suspicion. Thus, Harvey is essentially arguing that the trial court may provide, as a condition of probation, that a defendant must submit to random drug tests, but the trial court cannot actually order a defendant to take a random drug test, because reasonable suspicion must be present.[7] We cannot agree with this reasoning, and we conclude that Harvey's failure to object when the trial court imposed random drug testing as a condition of probation waived subsequent objections to such testing, as well as appellate review of the issue. *See, e.g., Sweeney v. State,* 704 N.E.2d 86, 101 (Ind.1998) (holding that a defendant waived his right to a speedy trial by failing to object to a trial setting, and determining that the waiver rendered the defendant's subsequent request for a speedy trial immaterial), *cert. denied,* 527 U.S. 1035, 119 S.Ct. 2393, 144 L.Ed.2d 793 (1999).

## IV.

■■■ The second issue raised by Harvey is whether the trial court displayed bias when it ordered Harvey to submit to a drug test. A judge is presumed unbiased and unprejudiced, and to rebut the presumption, a defendant must establish from the judge's conduct actual bias or prejudice that places the defendant in jeopardy. *Cook v. State,* 612 N.E.2d 1085, 1088 (Ind.Ct.App.1993). Such bias or prejudice exists only where there is an undisputed claim or where the judge has expressed an opinion on the merits of the pending controversy. *Id.* While a trial judge has the discretion to disqualify herself whenever any semblance of judicial

on appeal, and has waived the claim for our review. *See Smith v. State,* 643 N.E.2d 944, 945 (Ind.Ct.App.1994), *trans. denied.*

**7.** At oral argument, Harvey argued that a proper random drug test occurs when the authorities have reasonable suspicion to require Harvey to take the test, but Harvey is

unaware of the drug test until she is asked to take one. Because a "random" drug test is one that lacks a specific reason, and in her view authorities must always have reasonable suspicion to conduct a test, we reject this argument.

bias or prejudice arises, disqualification is not required unless actual prejudice or bias exists. *Id.* at 1087.

■ Harvey "does not accuse Judge Blau of an improper motive or want to suggest that she acted unethically." Appellant's Brief, p. 9. Instead, she contends that when Judge Blau issued an "en masse order without reasonable suspicion or cause," she "gave an appearance that the court was acting on behalf of the prosecution to disclose incriminating evidence." *Id.* As a result, Harvey concludes that reversal of the trial court's ruling is warranted, presumably so that the trial judge may recuse herself.

Harvey's claim is without merit. *Cook* specifically provides that the mere appearance of partiality does not require the trial judge to recuse herself. *See Cook,* 612 N.E.2d at 1087–1088. Even if we assume without deciding that the trial court's rulings created an appearance of partiality in favor of the State, we will not reverse the trial court's judgment because Harvey has not alleged and shown actual bias on the part of the trial court. *See id.*

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

MATTINGLY–MAY, J. and BAILEY, J. concur.