Elizabeth STEINER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 47A05–0103–CR–123.

Court of Appeals of Indiana.

March 7, 2002.

Jeffrey W. Eakins, Greenfield, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

VAIDIK, Judge.

### Case Summary

Elizabeth A. Steiner appeals the trial court's denial of her Motion to Terminate Pretrial Urine Drug Screens. Specifically, Steiner argues that the trial court abused its discretion when it imposed random drug screens as a condition of her bail. Because the Indiana statute governing conditions of bail only allows for the imposition of reasonable restrictions designed to assure the defendant's presence in court or the physical safety of another person or the community and there was no individualized determination made by the court that Steiner would use drugs while she was released pending trial, we reverse and remand with instructions for the trial court to vacate the bail condition imposing random drug screens.

### Facts and Procedural History

On June 24, 2000, the Lawrence County police arrested Steiner for possession of marijuana. Steiner posted a $500 cash bond the next day to secure her release from the Lawrence County Jail. On June 26, the State charged Steiner with possession of marijuana as a Class A misdemeanor.[1] The same day, the trial court found probable cause for Steiner's arrest and set bail at $500 cash or $5,000 surety. At Steiner's initial hearing held on July 2, 2000, Steiner pled not guilty to the charge, and the trial court ordered that "I'll continue your bond on condition that you have no law violations. A further condition is that you submit to random drug screens at all times told to you by the Lawrence County Intensive Supervision Program." Tr. P.5. The court also ordered Steiner to pay the cost of each drug screen when they were administered.

1. Ind.Code § 35–48–4–11.

After her initial hearing, Steiner submitted to at least eight urine drug screens and paid a total of $160 for the tests. On January 22, 2001, Steiner filed a Motion to Terminate Pretrial Urine Drug Screens. On January 31, 2001, the trial court denied Steiner's motion. This interlocutory appeal ensued.

## Discussion and Decision

### I. Waiver

■ As an initial matter, we address the State's contention that Steiner waived any challenge to the propriety of the random drug screens imposed by the court as a condition of her continued bond because she did not object to that condition at her initial hearing. In support of its contention, the State directs our attention to *Harvey v. State*, 751 N.E.2d 254 (Ind.Ct. App.2001), in which we concluded "that Harvey's failure to object when the trial court imposed random drug testing as a condition of probation waived subsequent objections to such testing, as well as appellate review of the issue." 751 N.E.2d at 259. However, we find that circumstances surrounding the imposition of and objection to the bail conditions in *Harvey* are readily distinguishable from those that are present in the case before us.

In *Harvey*, the defendant was charged with dealing in cocaine within 1000 feet of a family housing complex, a class A felony. *Id.* at 256. As a consequence of this felony charge, the trial court set Harvey's bond at $25,000. *Id.* Harvey was not able to post this amount, and after being incarcerated for approximately ten months, Harvey filed a motion for bond reduction. *Id.* At the hearing, the trial court reduced the amount of Harvey's bond to $2,500 but also required Harvey to submit to drug testing as a condition of bond. *Id.* The day of Harvey's final pre-trial hearing, the court ordered Harvey to immediately take a drug test. *Id.* Harvey refused to take the

drug test, and as a consequence her bond was revoked. *Id.*

In exchange for a dramatic reduction in the amount of her bond, Harvey accepted imposition of drug testing as a condition of bail, which she did not challenge until she was instructed to submit to the test. Presumably, had Harvey objected to the new condition at her bond reduction hearing, the court would have kept her bail at $25,000; therefore, by accepting the condition and not objecting to its propriety when it was offered to her, Harvey received the benefit of a drastically lower bond. By the time the issue was presented to the trial court, Harvey had already refused to take the test and had violated a condition of her bail; thereby, leading us to note that "[w]hen a defendant does not properly bring an objection to the trial court's attention so that the trial court may rule upon it at the appropriate time, she is deemed to have waived that possible error." *Id.* at 259 (citing *Brown v. State*, 587 N.E.2d 693, 703 (Ind.Ct.App.1992)).

In this case, however, Steiner had already bonded out of jail by the time the trial court imposed random drug screening as a condition of bond. Steiner did not receive an advantage from failing to object to the condition at her initial hearing because she had already posted bond. Steiner submitted to numerous drug screens before she filed her Motion to Terminate Pretrial Urine Drug Screens. Steiner did not refuse to submit to drug screens, and she did not wait until the revocation of her bail was a near certainty before she attacked the propriety of the condition. Instead, Steiner brought to the trial court's attention her objection to what she perceived as an ongoing error. Steiner provided the trial court with ample opportunity to rule on the appropriateness of future drug screens as a condition of bail. Therefore, we find that Steiner brought her

challenge to future drug screens at an appropriate time and conclude that Steiner did not waive her challenge to drug screens as a condition of her bail.

## II. Statutory Authorization for Imposing Conditions of Bail

■ Steiner argues that the trial court erred in imposing drug screens as a condition of her bail because the blanket use of drug tests is not permitted by the statutory provision governing conditions of bail. Because we find Steiner's statutory argument to be dispositive, it is unnecessary for us to address the constitutional challenges against the drug screens that Steiner also raises in her appeal.

■■ The determination for imposing a condition of bail in a particular case is within the trial court's discretion and is reviewable only for an abuse of that discretion. *Tinsley v. State*, 496 N.E.2d 1306, 1308 (Ind.Ct.App.1986). However, the conditions that a trial court may impose when admitting an accused person to bail are governed by statute. *Id.* at 1307. Indiana Code § 35–33–8–3.2 governs the conditions that a trial court can order when admitting a defendant to bail. While Indiana Code § 35–33–8–3.2 does not specifically provide for the imposition of drug tests as a condition of bail, it does contain an omnibus clause that reads in pertinent part:

(a) A court may admit a defendant to bail and impose any of the following conditions to assure the *defendant's appearance at any stage of the legal proceedings,* or, upon a *showing of clear and convincing evidence that the defendant poses a risk of physical danger to another person or the community, to assure the public's physical safety:*

. . . .

(8) Impose any other *reasonable restrictions* designed to assure the defendant's presence in court or the physical safety of another person or the community.

Ind.Code § 35–33–8–3.2(a)(8) (emphasis added). This catch–all provision provides that a trial court can impose any other type of condition for bail to assure a defendant's presence in court or to protect the community if that condition is reasonable. Therefore, we address whether the imposition of drug testing as a condition of bail was reasonable in this case.

■ In determining whether a trial court can impose drug testing as a reasonable condition of pre-trial release we have been referred to other jurisdictions that have considered this same question. While we are not bound by decisions from foreign jurisdictions, it is appropriate to look to the decisions of other jurisdictions that interpret statutory language that is identical or of similar import. *Tinsley*, 496 N.E.2d at 1308. The determination of whether a restriction is "reasonable" as set out by the statute hinges in part on the actual nature of the restriction. Where the condition involves Fourth Amendment rights, the determination of what is "reasonable" under the statute must factor in those rights. Because the use of urine drug screens as a condition of bail implicates the constitutional protections against unreasonable searches and seizures, in determining what is a "reasonable restriction" under Indiana Code § 35–33–8–3.2 we turn to the analysis of "reasonableness" employed by other jurisdictions in their discussion of the constitutional issues surrounding bail conditions.

■ Although the general assumption may very well be true that an individual on bail who uses drugs is more likely to fail to appear at another stage of the legal proceedings or to pose a risk of physical danger to another person or the community, we find that the trial court must make

an individualized determination that the accused is likely to use drugs while on bail before it is reasonable to place restrictions on the individual based on that contingency. "[T]he reasonableness of a condition necessarily depends upon the relationship of the condition to the crime or crimes with which the defendant is charged and to the defendant's background, including his or her prior criminal conduct." *In re York*, 9 Cal.4th 1133, 40 Cal.Rptr.2d 308, 892 P.2d 804, 815 n. 10 (1995), *quoted in Oliver v. United States*, 682 A.2d 186, 192 (D.C.1996); *see also State v. Ullring*, 741 A.2d 1065, 1073 (Me.1999), *cert. denied*, 530 U.S. 1232, 120 S.Ct. 2664, 147 L.Ed.2d 278 (2000). In ordering drug testing as a condition of bail, the trial court must determine whether there is a reasonable basis for the apparent assumption that arrestees ordered into the testing program are potential drug users. *Berry v. District of Columbia*, 833 F.2d 1031, 1035 (D.C.Cir. 1987). A testing program will more likely than not be found reasonable if the trial court finds that drug testing and treatment are only required when there is an individualized determination that an arrestee will use drugs while released pending trial. *Id.; see also Oliver*, 682 A.2d at 193. "Individualized suspicion should be based on evidence of prior drug use, such as drug-related convictions or self-reported drug use." *Berry*, 833 F.2d at 1035.

The record does not reveal that the trial court made any attempt to determine whether the particular facts and circumstances of this case justified the imposition of random drug screens as a condition of bail. Steiner was accused of misdemeanor possession of marijuana; however, the record reveals no history of substance abuse by Steiner nor any other prior convictions or arrests. While evidence of a history of drug use or of prior drug or alcohol arrests would be a proper basis for imposing drug screens as a condition of bail, no such

evidence was introduced that would lead the trial court to make an individualized determination that Steiner would use drugs while she was released pending trial. Therefore, we find that it was not reasonable for the trial court to impose random drug screens as a condition of Steiner's bail and that the trial court abused its discretion by ordering that condition. Thus, we reverse and remand with instructions that the trial court vacate the condition imposing random drug screens.

Reversed and remanded with instructions.

FRIEDLANDER, J., concurs.

BARNES, J., dissents with separate opinion.

BARNES, Judge, dissenting with separate opinion.

I respectfully disagree with the majority's conclusion.

Indiana Code Section 35–33–8–3.2(a) is the bond statute for our state. It provides, in relevant part, that the court may "impose any other reasonable restrictions designed to assure the defendant's presence in Court. . . ." The majority maintains that in this specific case with this defendant, the requirement that she submit to and pay for drug testing was made without a finding of a "individualized determination" that such testing was statutorily allowable.

The cultural phenomenon of illicit drug use in our society is well known and well documented. The majority opinion overlooks the fact that in this case, the defendant is formally charged with the crime of possession of a controlled substance. Common sense, common experience, and the statute allow the trial court to make a determination that, in a specific case, the danger of a failure to appear by a defendant escalates with the potential use of a

controlled substance. *Cf. Tinsley v. State,* 496 N.E.2d 1306 (Ind.Ct.App.1986) (holding the condition of bail, that persons arrested at theatre for engaging in allegedly obscene performance could not go "on or about premises" of theatre, was improper because it was not related to assuring persons' appearances at future legal proceedings).

I am unable, given the broad discretion afforded to trial judges in I.C. § 35–33–8–3.2(a), to find that the imposition of this condition in this case with this charge pending is outside the purview of what the statute contemplates.