George SCHULTZ, Appellant
(Plaintiff Below),

v.

Thad B. HODUS, Phyllis T. Kinder,
B & O Railroad, Appellees
(Defendants Below).

No. 64A03–8808–CV–252.

Court of Appeals of Indiana,
Third District.

March 21, 1989.

Rehearing Denied June 8, 1989.

Barry D. Rooth, Theodoros, Theodoros & Rooth, Merrillville, Douglas E. Johnston, Tourkow, Crell, Rosenblatt & Johnston, Fort Wayne, for appellant.

Samuel J. Bernardi, Gregory J. Tonner, Robert J. Dignam, Spangler, Jennings, Spangler & Dougherty, P.C., Valparaiso, for Phyllis T. Kinder.

Leonard M. Holajter, Friedrich, Bomberger, Tweedle & Blackmun, P.C., Highland, for Baltimore & Ohio RR.

STATON, Judge.

George Schultz appeals the trial court's granting of summary judgment in favor of the Baltimore & Ohio Railroad Company (Railroad) and Phyllis Kinder on his amended complaint for damages. This appeal raises two issues:

1. Whether a genuine issue of material fact exists as to whether the Railroad failed to provide him with a safe place to work.

2. Whether a genuine issue of material fact exists as to whether Kinder negligently operated her van.

Affirmed.

On December 28, 1983, Schultz was an employee of the Railroad. On that date, he and three other Railroad employees were to be driven from the rail yard in Garrett, Indiana, to Barr Yard in Chicago, Illinois, to bring a train back to the Garrett Yard. Kinder had an oral agreement with the Railroad under the terms of which the Rail-

road paid her by the mile to transport its employees in her van to and from various locations when necessary. The Railroad phoned Kinder on the morning of December 28 at approximately seven o'clock, requesting her to transport the crew from Garrett to Barr Yard, a trip of about 150 miles. Kinder arrived at the train station at 8:30 a.m. and left with the crew at about 8:45 a.m.

The roads were in good condition when Kinder, Schultz and the other Railroad employees began the trip. However, when Kinder reached Interstate 94, she discovered the Interstate was covered with ice so she reduced her speed to 15 mph. Kinder took I–94 into Illinois and exited on to Sibley Blvd., which she took into Dolton, Illinois. The driving conditions on Sibley Blvd. in Dolton were better than they were on I–94, but it was icy in places and wet due to melting snow and ice.

Sibley Blvd. was a four lane street running east and west with two lanes in each direction. Kinder was traveling at about 30 mph, with the flow of traffic, in the westbound curb lane when Thad B. Hodus, who was in the east bound curb lane, came across the lanes of traffic and struck Kinder's van. Schultz was injured as a result of the accident.

## I.

### Standard of Review

On an appeal from a summary judgment, we must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the non-moving party. *Schrader v. Mississinewa Community School Corp.* (1988), Ind.App., 521 N.E.2d 949, 952. Summary judgment will be affirmed if it is sustainable upon any theory supported by the record. *Aetna Insurance Co. of Midwest v. Rodriquez* (1987), Ind.App., 504 N.E.2d 1030, 1032, *reversed on other grounds,* (1988), Ind. 517 N.E.2d 386, *reh. denied.*

## II.

### FELA

■ Schultz first raises the issue whether a genuine issue of material fact exists as to whether the Railroad failed to provide him with a safe place to work. Pursuant to the Federal Employers Liability Act

[e]very common carrier by Railroad while engaging in commerce between any of the several States or Territories ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury ... resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51. This statute imposes on the Railroad a nondelegable duty to use reasonable care in furnishing employees with a safe place to work. *Payne v. Baltimore & Ohio RR.* (6th Cir.1962), 309 F.2d 546, 548–49. This duty extends even to premises not owned, controlled or maintained by the Railroad. *Id.*

■ Schultz argues that the Railroad breached its duty when it required him to travel on roads it knew were in hazardous condition. We do not agree with Schultz' premise that evidence exists that the Railroad knew the roads were so hazardous that it was unreasonable to require Schultz to travel on them.

To convince us that a genuine issue of fact exists for a jury, Schultz devotes a large portion of his brief to a discussion of the applicable standards under FELA cases. He correctly notes that the proper inquiry is "whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pacific RR Co.* (1957), 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493. It is also true that only "slight" or "minimal" evidence is needed to raise a jury question of negligence under FELA, *Mendoza v.*

*Southern Pacific Transportation Co.* (9th Cir.1984), 733 F.2d 631, 632, and the jury has broad power to engage in inferences. *Id.* at 633.

It does not follow, however, as Schultz would have us conclude that the minimal negligence standard removes proximate cause as an essential element of a FELA negligence case,[1] or that every negligence case should go to the jury. To recover under FELA, the plaintiff must still prove that the employer was negligent. *Richardson v. Missouri Pacific RR Co.* (8th Cir.1982), 677 F.2d 663, 665. "In this respect, a plaintiff's prima facie case under the Act must include all the same elements as are found in a common law negligence action." *Id., quoting Davis v. Burlington Northern, Inc.* (8th Cir.1976), 541 F.2d 182, 185, *cert. denied,* 429 U.S. 1002, 97 S.Ct. 533, 50 L.Ed.2d 613 (1976). The plaintiff must prove that the Railroad could have reasonably foreseen that a particular condition could cause injury. *Gallick v. Baltimore & Ohio RR* (1963), 372 U.S. 108, 117, 83 S.Ct. 659, 665, 9 L.Ed.2d 618.

Furthermore, the focal point of judicial review is the resonableness of a particular inference or conclusion that may be drawn by the jury. *Id.,* 372 U.S. at 115, 83 S.Ct. at 664. "It is only necessary that the jury's conclusion be one which is not outside the possibility of reason on the facts and circumstances shown." *Mendoza, supra,* at 633, *quoting Chicago, Rock Island & Pacific RR Co. v. Melcher* (8th Cir.1964), 333 F.2d 996, 999. These general principles do not, however, grant a plaintiff the unqualified right to have the jury pass on issues of negligence and proximate cause in all cases. *New York, N.H. & H.R.R. v. Dox* (1st Cir.1957), 249 F.2d 572, 573. Thus, if the facts and circumstances of the present case are such that a conclusion the Railroad is liable for negligence is outside

the possibility of reason, we will affirm the trial court's grant of summary judgment.

Schultz contends that a jury could conclude the Railroad is liable for negligence based on depositions of witnesses and exhibits of newspaper stories describing the bad road conditions due to the weather across northern Indiana and the Chicago area. The accident occurred on Sibley Blvd. in Dolton, Illinois. Thus, the only evidence relevant to our inquiry is evidence of the condition of Sibley Blvd. Viewed most favorably to Schultz, the evidence shows that Sibley Blvd. had ice and snow on it in some places and it was wet because the snow and ice were melting. There were snow banks of about two feet high along the edge of the road because it had been plowed. The investigating police officer testified that while the weather conditions made travel less safe than normal, it was not so bad that no one should have been driving and that with due care a vehicle could be safely driven on the road. Furthermore, the newspaper articles describing the hazardous conditions did not appear in the papers until the evening of the day the accident occurred. Thus, it cannot be argued that they served as notice of the bad conditions. Under the facts and circumstances of this case, we conclude the Railroad did not breach its duty to provide a safe place to work by requiring Schultz to travel to Barr Yard. *See Spinello v. New York, Chicago, and St. Louis RR Co.* (1962), 173 Ohio St. 324, 181 N.E.2d 884.

### III.

#### *Negligence*

Schultz next raises the issue whether a genuine issue of material fact exists as to whether Kinder negligently operated her van. Schultz alleges that Kinder was negligent for failing to maintain a proper lookout and failing to avoid the accident.[2] The

---

1. Schultz argues that proximate cause is not an essential element under FELA because the employer's negligence need not be a substantial cause of the injury. We point out that as an element of a negligence cause of action, the test for proximate cause is whether the injury is a natural and probable consequence which, in light of the circumstances, should reasonably

have been foreseen or anticipated. *Reynolds v. Strauss Veal, Inc.* (1988), Ind.App., 519 N.E.2d 226, 229, *trans. denied.*

2. Schultz also raises the issue whether the trial court erred by granting summary judgment for the Railroad on the grounds that there is a genuine issue of fact whether Kinder was an

facts are not in dispute as to how the accident occurred. Kinder was traveling in the westbound curb lane at about 30 mph. Hodus was traveling in the eastbound curb lane at about 35–38 mph. When the car in front of Hodus slowed down to make a right hand turn into a parking lot, Hodus hit his brakes and started to slide. To avoid hitting the car in front of him, Hodus pulled into the eastbound inside lane. However, a car was stopped a few feet ahead, preparing to make a left hand turn. Rather than attempting to stop, Hodus drove across the westbound lanes of traffic, hoping no cars were coming in that direction, and hit Kinder's van.

■ A motorist has a duty to maintain a proper lookout. *Brock v. Walton* (1983), Ind.App., 456 N.E.2d 1087, 1091. He also has a duty to use due care to avoid a collision and to maintain his automobile under reasonable control. *Chaney v. Tingley* (1977), 174 Ind.App. 191, 366 N.E.2d 707, 710, *trans. denied.* The duty to keep a lookout is imposed upon a motorist so that he may become aware of dangerous situations and conditions to enable him to take appropriate precautionary measures to avoid injury. *Brock, supra,* at 1092.

■ Schultz argues that there is an inference that Kinder was not maintaining a proper lookout because she did not see Hodus' car until the impact and that if she had seen it coming she could have avoided the collision. Whether Kinder maintained a proper lookout is only part of the question. The failure to do so must also be the proximate cause of the injury. Assuming that by keeping a proper lookout Kinder would have seen Hodus coming into her lane of traffic, the failure to keep a proper lookout would be the proximate cause only if Kinder would have had sufficient time and distance within which to avoid the collision. *See id.*

"Having the means and ability to avoid a collision means not only the mechanical appliances, such as steering apparatus with which to swerve, signalling equipment with which to warn, or braking

appliances with which to slow down or stop, but also the existence of sufficient time and distance, considering the movements and speeds of the vehicles, to enable the party charged [with failure to keep a careful lookout] to take effective action in avoidance."

*Id.* at 1092–93, *quoting Hawkins v. Whittenberg* (1979), Mo.App., 587 S.W.2d 358, 361.

The eyewitness to the accident testified that only four to five seconds elapsed between the time Hodus first tried to stop and when he hit Kinder. Even less time would have been available for Kinder to react if she had seen Hodus at the time he crossed the center lane. Although Kinder testified she did not see Hodus until the impact, the eyewitness testified that she saw Kinder's van slow down and pull to the right immediately before the collision but the snow banks along the curb left Kinder with nowhere to go. The law does not require a motorist to do the impossible to avoid a collision. There is no evidence here from which a jury could infer Kinder was negligent in failing to avoid the collision.

AFFIRMED.

HOFFMAN and NEAL, JJ., concur.

---

agent of the Railroad, making her negligence imputable to the Railroad. Because we con-

clude as a matter of law that Kinder was not negligent, we need not consider this issue.