Joseph L. FLORIO and Connie Florio,
Appellants–Plaintiffs,

v.

Ray TILLEY and Calark International,
Inc., Appellees–Defendants.

No. 64A03–0704–CV–179.

Court of Appeals of Indiana.

Oct. 22, 2007.

Kenneth J. Allen, Bryan L. Bradley, William Lazarus, Kenneth J. Allen & Associates, P.C., Valparaiso, IN, Attorneys for Appellants.

Robert D. Brown, Spangler, Jennings & Dougherty, P.C., Merrillville, IN, Attorney for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Joseph L. Florio ("Joseph") and Connie Florio (collectively, "the Florios") appeal the trial court's order granting summary judgment in favor of Ray Tilley and CalArk International, Inc. ("CalArk"). The Florios raise two issues for our review, which we restate as whether the trial court erred in granting summary judgment to Tilley and CalArk.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In the early morning hours of December 20, 2004, Joseph parked his 1998 Ford F150 pickup truck on the shoulder of northbound State Road 49 just north of the interchange with U.S. Highway 6. Joseph remained inside his vehicle. There was snow on the ground, it was windy, and driving visibility was limited. Shortly before 5:00 a.m., Randy Oliver exited U.S. Highway 6 via an off-ramp to enter the northbound lane of State Road 49.

At that same time, Tilley drove a CalArk semi-tractor with an attached trailer northbound on State Road 49. Tilley drove across the overpass of U.S. Highway 6 and past the ramp leading onto northbound State Road 49 while Oliver was on

the ramp. But when Oliver reached "the very end of the ramp," his car hit a patch of ice, causing his vehicle to fishtail and collide with the side of Tilley's passing tractor-trailer. Appellant's App. at 58. Oliver's vehicle then spun back across State Road 49 and hit Joseph's vehicle, injuring Joseph. Tilley promptly pulled his tractor-trailer to the side of the road.

Ross Morgan also was traveling northbound on State Road 49 at that time. He was traveling at 30–35 miles per hour and a short distance behind Tilley's vehicle. The posted speed limit was 55 miles per hour. Morgan estimated Tilley to be traveling at "maybe 40 [miles per hour], or just a little over." *Id.*

On January 6, 2006, the Florios filed their amended complaint against Oliver, Tilley, and CalArk. The Florios alleged negligence against Tilley for, *inter alia,* operating the tractor-trailer "at an unreasonably high rate of speed given the extant circumstances and conditions." *Id.* at 30.[1] The Florios also alleged that CalArk was liable for Tilley's negligence under the doctrine of *respondeat superior.* On September 14, Tilley and CalArk filed motions for summary judgment.[2] The trial court granted those motions, concluding that, "regardless of how well Defendant Tilley maintained his duty of care, he could not prevent Defendant Oliver from striking his tractor trailer." *Id.* at 16. This appeal ensued.

### DISCUSSION AND DECISION

When reviewing a grant or denial of summary judgment our well-settled standard of review is the same as it is for the trial court: whether there is a genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. *Monroe Guar. Ins. Co. v. Magwerks Corp.,* 829 N.E.2d 968, 973 (Ind. 2005). Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows that there is no genuine issue of material fact and the moving party deserves judgment as a matter of law. *Id.* All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party. *Id.* However, questions of law are reviewed de novo. *See Tippecanoe County v. Ind. Mfrs. Ass'n,* 784 N.E.2d 463, 465 (Ind.2003).

▮▮▮ The Florios maintain that Tilley acted negligently in his operation of the CalArk tractor-trailer and that his negligence proximately caused Joseph's injuries. To prevail on a claim of negligence a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach. *Ford Motor Co. v. Rushford,* 868 N.E.2d 806, 810 (Ind. 2007). A negligent act is the proximate cause of an injury if the injury is a natural and probable consequence, which in light of the circumstances, should have been foreseen or anticipated. *Bader v. Johnson,* 732 N.E.2d 1212, 1218 (Ind.2000); *see also Schultz v. Hodus,* 535 N.E.2d 1235, 1237 n. 1 (Ind.Ct.App.1989).

▮▮▮ Summary judgment is rarely appropriate in negligence cases. *Tibbs v.*

---

1. On appeal, the Florios do not contend that any of Tilley's other alleged acts of negligence warrant reversal of the trial court's order in favor of Tilley.

2. Tilley and CalArk also sought to strike the Florios' reference to the Indiana Commercial Driver's License ("CDL") test booklet. The trial court did not address that motion to strike in its summary judgment order. Likewise, as we affirm the trial court's decision, we need not address the motion to strike.

*Huber, Hunt & Nichols, Inc.,* 668 N.E.2d 248, 249 (Ind.1996). Issues of negligence, contributory negligence, causation, and reasonable care are more appropriately left for the determination of a trier of fact. *Ousley v. Bd. of Comm'rs of Fulton County,* 734 N.E.2d 290, 293 (Ind.Ct.App.2000), *trans. denied.* Nonetheless, the issue of proximate cause becomes a question of law where only a single conclusion can be drawn from the facts. *See City of Indianapolis Hous. Auth. v. Pippin,* 726 N.E.2d 341, 347 (Ind.Ct.App.2000).

■ The Florios cannot establish a genuine issue of material fact as to whether Tilley's operation of the tractor-trailer proximately caused Joseph's injuries. "The law does not require a motorist to do the impossible to avoid a collision." *Schultz,* 535 N.E.2d at 1238. Here, it is undisputed that Tilley had already crossed the overpass of U.S. Highway 6 when Oliver lost control of his car and ricocheted off of Tilley's vehicle. Hence, the Florios have presented no evidence that Tilley had any time to react to Oliver's loss of control of his vehicle. In such circumstances, a reasonable jury cannot infer that Tilley was negligent in failing to avoid the collision. *See id.*

Nonetheless, the Florios assert two rationales to support their proposition that Tilley's alleged negligence proximately caused Joseph's injuries. First, the Florios argue that "[h]ad Tilley ... avoid[ed] driving until the road conditions were safe,

he could not have possibly been involved in the initial collision with Oliver." Appellant's Brief at 6. While we accept the reality behind the Florios' statement, that fact does not establish proximate causation. *See, e.g., Milam v. State Farm Mut. Auto. Ins. Co.,* 972 F.2d 166, 169 (7th Cir.1992) (" '[B]ut for' is rarely an adequate notion of cause. We do not say that since, in all probability, [a plaintiff] would not have had an accident on I–70 if Columbus had not discovered America, Columbus caused the accident.").

■ Second, but not unrelated, the Florios maintain that, "had Tilley been driving at a crawl, ... he likely would have had time to spot Oliver's vehicle starting to fishtail."[3] Appellant's Brief at 6. The Florios present no evidence in support of that assertion other than the mere fact that Tilley's speed placed him at the accident location at the time of the accident. Whether a defendant's speed of travel is by itself sufficient to establish a genuine issue of material fact on the question of proximate cause is an issue of first impression in Indiana.

Assuming that Tilley's speed was excessive for the weather conditions, we must conclude that his speed was only a remote, rather than a proximate, cause of Joseph's injuries. In reaching that conclusion, we are persuaded by the analysis of the Court of Appeals of Washington. As that court thoroughly discussed:

---

**3.** Again, it is undisputed that Tilley was driving approximately fifteen miles per hour below the posted speed limit at the time of the accident, at least partly in compliance with Indiana law. *See* Ind.Code § 8–2.1–24–18 (2007) (incorporating 49 C.F.R. § 392.14, which provides: "Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow [or] ice ... adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If con-

ditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued[.]"). The Florios do not expressly argue that Tilley was negligent per se for continuing to operate the tractor-trailer despite the adverse weather conditions. Regardless, that question is irrelevant here because "a violation of a statutory duty is not actionable negligence unless it was also the proximate cause of the injury." *See Munsell v. Hambright,* 776 N.E.2d 1272, 1279 (Ind.Ct. App.2002), *trans. denied.*

According to the foregoing authorities, a claimant can demonstrate cause in fact by showing that "but for" the favored [4] driver's speed, the favored and disfavored drivers each would have reached (and safely crossed) the point of impact at a different time (i.e., the vehicles "would have cleared," or the vehicles "would have missed"). However, a claimant cannot demonstrate [proximate] cause by showing only this much. Virtually without exception, the authorities hold that if excessive speed does no more than bring the favored and disfavored drivers to the same location at the same time, the excessive speed is "remote" rather than "proximate," and causation is not established.

At least three reasons underlie this result. One involves speed. Suppose, for example, the facts alleged in this case. [Accident reconstructionist] Cronrath testified that [defendant] Mills would have missed [plaintiff] Channel if he had been driving the legal speed limit of 35 instead of 51 m.p.h. Mills would also have missed Channel, however, if he had been driving 10, 15, 85 or 110 m.p.h. Thus, it cannot rationally be said that Mills hit Channel because Mills was driving over the speed limit; rather, it can only be said that Mills hit Channel because Mills was not driving at a speed different from (i.e., either above or below) 51 m.p.h. . . .

Another reason involves location. Suppose, for example, that a favored driver maintains an unreasonable and excessive speed from milepost 1 to milepost 60. After milepost 60, the favored driver maintains a safe and reasonable speed, but he nevertheless collides with the disfavored driver at milepost 100. If excessive speed could be a legal or "proximate" cause merely because it brings the favored and disfavored drivers to the same place at the same time, the speed between mileposts 1 and 60 would be a basis for liability. Unanimously, however, the authorities deem speed at a "remote" location to be insufficient to establish causation. . . .

A third reason involves distance. When a court is interested in whether a reasonable person would have been able to brake or swerve between the place at which he or she would have perceived danger (the "point of notice") and the place of the collision (the "point of impact"), it must focus on the distance between those two points. However, when a court is interested only in whether the vehicles would have cleared each other, it has no more reason to focus on the distance between point of notice and point of impact . . . than to focus on any other distance (e.g., 300 yards, 3 miles, or 10 miles).

*Channel v. Mills,* 77 Wash.App. 268, 890 P.2d 535, 540–41 (1995).

Here, the crux of the Florios' argument is that, but for Tilley's purportedly negligent speed, Tilley's vehicle would have been at a different location when Oliver lost control of his vehicle, thereby avoiding the multiple-vehicle collision. The Florios do not contest, and the evidence would not support, that Tilley's speed in any way affected his ability to avoid the collision through control of his vehicle. *See id.* at 540 ("Excessive or unlawful speed . . . is causal where it prevents or retards the operator from slowing down, stopping, or otherwise controlling the vehicle so as to avoid a collision.") (quoting 2 Patrick D. Kelly, *Blashfield, Automobile Law and*

---

**4.** A "favored driver" is a driver that has the right of way, while a disfavored driver is one that invades the favored driver's right of way.

*Practice* § 105.6, at 313–17 (rev.3d ed.1979)). Again, Tilley had no time to react to Oliver's slide, Oliver's vehicle struck the side of Tilley's tractor-trailer, and immediately after the collision Tilley pulled his vehicle to the side of the road. Hence, the Florios cannot demonstrate that Tilley proximately caused Joseph's injuries. We therefore must affirm the trial court's order granting summary judgment in favor of Tilley and CalArk.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.