# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 16 2020, 5:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Paul D. Ludwig
Redman Ludwig, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Adam Willfond
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Viola Smith and William Smith, *Appellants-Plaintiffs,* v. City of Indianapolis d/b/a Indianapolis Parks and Recreation Department, *Appellee-Defendant.* | January 16, 2020 Court of Appeals Case No. 19A-CT-1963 Appeal from the Marion Superior Court The Honorable John M. T. Chavis, Judge Trial Court Cause No. 49D05-1703-CT-9046 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellants-Plaintiffs, Viola Smith (Viola) and William Smith (William) (collectively, the Smiths), appeal the trial court's summary judgment determining that there was no genuine issue of material fact precluding judgment in favor of the Appellee-Defendant, City of Indianapolis and Indianapolis Parks and Recreation (collectively, the City).

We reverse and remand for further proceedings.

# ISSUE

The Smiths present two issues on appeal, which we consolidate and restate as the following single issue: Whether the trial court erred by granting summary judgment in favor of the City.

# FACTS AND PROCEDURAL HISTORY

In April 2015, the Smiths were regularly attending aerobics classes at the Washington Park fitness center which is owned and maintained by the City. At the time, Viola used a walking cane for assistance since she had problems with her right leg. Due to Viola's walking difficulties and the parking lot being far from the fitness center, William would drop off Viola at the entrance before class began and would retrieve their vehicle to pick up Viola at the entrance after the class ended.

On April 27, 2015, the Smiths attended an aerobics class at the Washington Park fitness center. At the start of class, Viola informed the instructor that she

was not feeling well. The instructor advised Viola to "take it easy," and she even suggested that Viola not participate in the class. (Appellant's App. Vol. II, p. 119). Notwithstanding the advice, Viola opted to take part in the class. After class, Cassandra Shelby (Shelby), an employee of the City, "overheard" William instruct "Viola to sit down and wait inside" the fitness center while he retrieved their vehicle. (Appellant's App. Vol. II, p. 116). However, Viola exited the fitness center and waited for William at the entrance. Located at the entrance of the center, there were some metal posts. Wanting to rest and while supporting herself with her cane, Viola leaned on a metal post with her left hand. Admittedly, Viola applied some "small amount" of pressure when she leaned on the post. (Appellant's App. Vol. II, p. 73). "[P]robably a few seconds" later, the post gave way and she fell to the ground. (Appellant's App. Vol. II, p. 57). As a result, Viola fractured her right wrist. According to Viola, she did not observe anything wrong with the post prior to leaning on it, nor was there signage to alert her that the post was weak, or that she was barred from leaning on it.

[6]     On March 6, 2017, the Smiths filed a Complaint against the City, alleging negligence and loss of consortium. The City timely filed its answer. Following discovery, the City filed a motion for summary judgment designating excerpts from Viola's and William's depositions and Viola's medical records. In addition, the City designated three affidavits from City employees, who were present on the day Viola fell, alleging that Viola was visibly shaky even with the assistance of a waking cane on the day she fell. In its memorandum in support,

the City maintained that it was entitled to summary judgment as a matter of law because the designated evidence failed to establish that it had a duty to maintain the metal post in a "weight-bearing manner so people could lean on it," rather, its duty was confined to maintaining the property, "including the sidewalk where Viola leaned on the post." (Appellant's App. Vol. II, p. 28). Further, the City asserted that since Viola was already shaky on the day she leaned on the post, she was barred from recovery because she was contributorily negligent. Finally, the City argued that William's loss of consortium was precluded for the same reasons as Viola's negligence claim because his loss of consortium was derivative in nature.

[7] The Smiths sought and were granted two extensions of time to respond to the City's summary judgment motion. Also, the parties jointly sought and were granted two extensions of time. On June 28, 2019, the Smiths submitted their response and their designated evidence included their own affidavits, and two pictures of the metal post. On July 2, 2019, without conducting a hearing, the trial court issued an Order, without findings of facts or conclusion thereon, granting the City's summary judgment motion. On July 29, 2019, the Smiths filed a motion to correct error, and requested a hearing. After the City responded and again without a hearing, the trial court issued an order denying the Smiths' motion to correct error.

[8] The Smiths now appeal. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). "A fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth . . ., or if the undisputed facts support conflicting reasonable inferences." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009).

In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id.* at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id.* at 608. "Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party." *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016). The party that lost in the trial court bears the burden of persuading us that the trial court erred. *Biedron v. Anonymous Physician 1*, 106 N.E.3d 1079, 1089 (Ind. Ct. App. 2018), *trans. denied*.

[11]  The summary judgment in this case was entered upon a claim of negligence. The Smiths contended that the City was negligent by failing to maintain the metal post which Viola leaned on.  To prevail on a theory of negligence, the Smiths must prove the following three elements:  (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by that breach.  *See McClyde v. Archdiocese of Indianapolis*, 752 N.E.2d 229, 232 (Ind. Ct. App. 2001).

[12]  It is well-established that summary judgment is rarely appropriate in negligence cases.  *Kennedy v. Guess, Inc.,* 806 N.E.2d 776, 783 (Ind. 2004).  This is because "[i]ssues of negligence, contributory negligence, causation, and reasonable care are more appropriately left for the determination of a trier of fact."  *Florio v. Tilley*, 875 N.E.2d 253, 256 (Ind. Ct. App. 2007), *trans. denied*.  Nonetheless, questions of law, like whether a defendant had a duty of care as to a plaintiff or whether certain facts constitute proximate cause, may be appropriate for summary judgment.  *See id.*  And while we observe that in the present case the trial court did not enter findings of fact and conclusions of law in support of its judgment, such special findings are not required in summary judgment proceedings and are not binding on appeal.  *AutoXchange.com. Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind. Ct. App. 2004).  However, such findings offer this court valuable insight unto the trial court's rationale for its review and facilitate appellate review.  *Id.*

## II. *Analysis*

[13] In the instant case, the Smiths' negligence claim was based on premises liability. The law is well-established that a person entering upon the land of another comes upon the land as an invitee, a licensee, or a trespasser. *Christmas v. Kindred Nursing Ctrs. Ltd. P'ship*, 952 N.E.2d 872, 878 (Ind. Ct. App. 2011). Thus, the first step in resolving a premises liability case is to determine the plaintiff's status. *Id*. The status then defines the duty owed by the landowner to the visitor. *Id*. The parties do not dispute Viola's status as an invitee at the time she fell and fractured her hand outside the Washington Park fitness center.

[14] Under Indiana premises liability law, a landowner owes the highest duty to an invitee: The duty to exercise reasonable care for his protection while he is on the landowner's premises. *Burrell v. Meads*, 569 N.E.2d 637, 639-40 (Ind. 1991). This duty extends to keeping a parking lot safe and providing a safe and suitable means of ingress and egress. *Converse v. Elkhart General Hospital, Inc.*, 120 N.E.3d 621, 626 (Ind. Ct. App. 2019).

[15] Here, Viola was injured by a metal post erected close by the entrance of the Washington Park fitness center. The City correctly argues that Viola's injuries were caused by a condition of the land. "Conditions of the land" are typically physical characteristics, such as untreated ice, a decaying tree, or uneven flooring. *See Linares v. El Tacarajo*, 119 N.E.3d 591, 598 (Ind. Ct. App. 2019). (addressing premises liability under section 343 when plaintiff slipped on ice on sidewalk outside her apartment building) *trans. denied*; *See Marshall v. Erie Ins. Exch.*, 923 N.E.2d 18, 25 (Ind. Ct. App. 2010) (unhealthy tree fell onto

neighbor's house in urban or residential area), *trans. denied*; *Smith v. King*, 902 N.E.2d 878, 880 (Ind. Ct. App. 2009) (plaintiff fell through hole in floor of house under construction). "When a physical injury occurs as a result of a condition on the land, the three elements described in Restatement (Second) of Torts Section 343, accurately describe the landowner-invitee duty." *Rogers v. Martin*, 63 N.E.3d 316, 322-23 (Ind. 2016). Section 343 provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

[16] All three conditions set forth in Section 343 must be met for liability to attach. *Harradon v. Schlamadinger*, 913 N.E.2d 297, 301 (Ind. Ct. App. 2009), *trans. denied*. Additionally, Section 343 of the Restatement (Second) of Torts, which discusses known or obvious dangers, is meant to be read along with Section 343A. *Christmas*, 952 N.E.2d at 881. That Section "provides, in part, as follows: 'A possessor of land is not liable to his invitees for physical harm caused to them by any . . . condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such

knowledge or obviousness.'" *Id*. (citing *Smith v. Baxter*, 796 N.E.2d 242, 245 (Ind. 2003) (quoting RESTATEMENT (SECOND) OF TORTS § 343A)). Indeed, "'[t]he comparative knowledge of a possessor of land and an invitee regarding known or obvious dangers may properly be taken into consideration in determining whether the possessor breached the duty of reasonable care under Sections 343 and 343A of the Restatement (Second) of Torts.'" *Id*. (quoting *Smith*, 796 N.E.2d at 245).

[17] The Smiths' premises liability theory was based upon their claim that the City failed to properly maintain the metal post which Viola leaned on. In support of its summary judgment motion, the City designated Viola's and William's deposition. In her deposition, Viola averred that after concluding the aerobics class, she exited the fitness center and waited for William outside. Supporting herself with her cane, and wanting to rest, she leaned on the metal post with her left hand. Moments later, the post gave way, and she fell and fractured her right wrist. Viola admitted that she applied some "small amount" of pressure when she leaned on the post. (Appellant's App. Vol. II, p. 73). Then arguing that Viola was contributorily negligent, the City additionally designated three affidavits from their onsite employees who collectively declared that on the day Viola fell and injured her wrist, Viola was shaky and unstable even with the assistance of a walking cane. However, none of the three employees indicated that the City was not responsible in maintaining the post, or that Viola should not have leaned on the metal post.

[18]     In response to the City's motion, the Smiths designated pictures of the metal post that gave way. Also, the Smiths designated their own affidavits. In her affidavit, Viola asserted that the metal post "did not have any visible writing or warning symbols of any kind advising that it was unstable or otherwise about to fall" and further, the deterioration or corrosion of the metal post was not readily apparent when she leaned on it. (Appellant's App. Vol. II, p. 134).

[19]     If the metal post presented a known and obvious danger, then the City probably would not be liable. As noted, "[t]he Restatement instructs that Section 343 should be read together with Section 343A." *Roumbos v. Samuel G. Vazanellis & Thiros & Stracci, PC*, 95 N.E.3d 63, 66 (Ind. 2018). In particular, Section 343A(1) provides that "a possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Id*. While the City was justified in this case to expect Viola to use caution on the day she fell since she was unstable and shaky even with the assistance of a cane, the evidence on summary judgment does not show that Viola failed to protect herself from that risk. Without signs signaling that no persons should lean on the post, there is nothing necessarily unreasonable about leaning on a post, and the evidence does not compel the inference that Viola knew that leaning on the post would lead her to falling down and fracturing her wrist. *See Handy v. P.C. Bldg. Materials, Inc*., 22 N.E.3d 603, 611 (Ind. Ct. App. 2014) (holding in part that reasonable people could differ as to whether certain countertops leaning against

a wall represented an obvious danger to the plaintiff), *trans. denied*. As a result, based on the designated evidence, we cannot say that Viola voluntarily accepted the risk of a known and obvious danger as a matter of law. A reasonable jury could conclude that, by the time Viola had actual knowledge and appreciation of the risk the metal post possessed, there was no reasonable opportunity for her to avoid or escape the risk or the conditions under the circumstances.

[20] Moreover, even if the danger was obvious, that does not resolve the issue as questions remain whether the City: (1) knew or by the exercise of reasonable care should have realized that the metal post in question involved an unreasonable risk of harm to Viola; (2) should have expected that Viola would not realize the unreasonable risk of harm of leaning on the metal post; and (3) failed to exercise reasonable care to protect Viola against the danger. *See Rhodes v. Wright*, 805 N.E.2d 382, 388 (Ind. 2004). Indeed, the City did not designate evidence that it did not know of, or by the exercise of reasonable care would not have discovered, that the metal post on its property was weak, that it did not expect its invitees to lean on such posts, that the metal post was not unreasonably unsafe, or that it had taken steps constituting reasonable care to protect its invitees under the circumstances. In short, based on Viola's status as an invitee on the premises, genuine issues of material fact remain as to whether the City breached its duty of care to her.

[21] Construing all factual inferences in favor of the Smiths as the nonmoving parties, we conclude that the City failed to carry its burden of establishing that

Viola voluntarily accepted a known and obvious risk as a matter of law or that it did not breach its duty to maintain its property in a reasonably safe condition for its invitees as a matter of law. We are mindful that even if this Court believes that the nonmoving party will not be successful at trial, summary judgment should not be granted where material facts conflict or conflicting inferences are possible. *Dunaway v. Allstate Ins. Co.*, 813 N.E.2d 376, 384 (Ind. Ct. App. 2004). Accordingly, we hold that the summary judgment in favor of the City was improper and therefore, we reverse the trial court's entry of summary judgment and remand for further proceedings consistent with this opinion.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's summary judgment in favor of the City and remand for further proceedings.

Reversed and remanded.

Baker, J. and Brown, J. concur